SHAIN E. BAITARY, TO THE USE OF HERBERT S. MICHAEL,

*vs.*

JOSEPHINE E. SMITH

*Liability of Automobile Owner—Negligence of Child—Judgment Against One Codefendant—Appeal by Plaintiff.*

Where an automobile was purchased by a mother for family use, her children paying her interest on the cost thereof and all contributing to the expense of running it, *held* that the mother was not liable for injuries caused to a stranger by the negligence of one of the children who was, at the time, the only one of the family in the car.                                   p. 438

In an action against two defendants, there having been rendered a judgment against one defendant, and a judgment in favor of the other defendant, *held* that an appeal by plaintiff from the latter judgment alone should not be dismissed, especially as there was no difficulty in affirming the judgment appealed from.                                   p. 440

*Decided January 27th, 1922.*

Appeal from the Superior Court of Baltimore City (AMBLER, J.).

Action by Shain E. Baitary against Josephine E. Smith and Helen E. Smith. From a judgment for the first named defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Charles M. Armstrong* and *Walter C. Mylander,* with whom was *Harry B. Wolf* on the brief, for the appellant.

*Clifton S. Brown* and *W. Herdman Schwatka,* with whom were *W. Conwell Smith, John D. C. Duncan,* and *Duncan & Schwatka* on the brief, for the appellee.

BOYD, C. J., delivered the opinion of the Court.

It is only necessary to state the facts in this case, in so far as they will reflect on the liability of the mother, Josephine E. Smith, in order to see that the decisions of this Court in *Whitelock* v. *Dennis* (139 Md. 557), and *Myers* v. *Shipley* (140 Md. 380), decided at the present term, are conclusive of the main question involved in it. At the time of the accident, Helen E. Smith, the daughter of Josephine E. Smith, who was twenty-two years of age, was driving the car and had with her two of her friends, young ladies who were not members of the family, or connected with it in any way which could possibly affect the question. They were on the way to a wedding, to which the two daughters and the only son of Mrs. Smith had been invited, but neither the mother, the other daughter, nor the son was in the car. Although Mrs. Smith, who was called by the plaintiff as a witness, was examined as to whether she was invited to the wedding, she testified that she was not, but the invitation was directed to "C. R. Smith and Sisters"—C. R. Smith being her son. It could have made no difference if she had been invited, and we only refer to it to illustrate the extent to which those adopting the family car doctrine seem to go in attempting to hold an owner of a car used for family purposes liable for injuries sustained by the alleged negligence of a member of a family.

The car was purchased by the mother, at the instance of her three children, for the family use, and was driven by either of the three children, as was found convenient and desirable. The mother did not drive it but had the use of it. She had a mortgage which matured, and her children persuaded her to purchase an automobile, and in order to compensate her for loss of the income on the amount invested each of the three paid her a dollar a week. If they needed a new tire they divided the cost between the four, and they paid for such things as gasoline, oil, etc., according to their use of the car. The three children used it without getting special

permission from their mother, but they generally let her know when one wanted to use it, so there would be no conflict between them in such use. At the time of the accident, Miss Helen was the only member of the family who was using it.

As there is nothing in the facts in reference to the ownership and use of the car which could distinguish this case from *Myers* v. *Shipley, supra,* we will not prolong this opinion by repeating what we there said, or again citing the authorities referred to. There was something said at the oral argument, and in some additional notes filed, as to the alleged joint ownership of the car, but we do not understand that there is any material difference between the appellant and the appellees as to that. The appellant's additional notes began by saying: "We do not claim that joint ownership creates liability on the part of each for the acts of the other. What the authorities have held is that the use by one of a car for the purpose of a 'joint enterprise' (whether the car is *owned* jointly or not) and an injury to a third party in the course of such use happens, liability exists against all the parties interested in the joint enterprise."

The appellees' attorneys state in their notes that: "When an automobile, jointly owned, is at the time of accident, being operated not by a servant, but by one of the owners, for his own purpose, the owner or owners not participating in the trip are not liable"—citing *Huddy, Automobiles* (5th ed.), sec. 668, p. 872; *Babbil, Automobiles* (ed. 1917), sec. 843; *Berry, Automobiles* (3rd ed.), sec. 1037, p. 967; and some decisions which we need not cite. There is nothing in the record tending to show that when the accident occurred the mother and children were engaged in a "joint enterprise," and we will not discuss that further.

There was a motion to dismiss the appeal: (1) "For a lack of proper parties to the appeal; (2) because the court, even if inclined to reverse the judgment below, could not order a new trial." The defendants pleaded separately the general issue plea. There was a judgment on a directed ver-

dict in favor of Josephine E. Smith, and a judgment in favor of the plaintiff for $6,500 against Helen E. Smith. The plaintiff appealed from the one in favor of Mrs. Smith. While, before the Act of 1914, chapter 433, in case of a joint judgment against two defendants, it was necessary for both to appeal or for the one desiring to do so to apply for a summons and severance, that act provided: "And such appeal may be taken with or without the assent or joinder of co-plaintiffs or co-defendants in such appeal," and thus changed the law when one of two co-plaintiffs or one of two co-defendants intended to appeal. If there ever was any difficulty in a plaintiff taking an appeal in a case such as this, where there was a judgment in favor of one of the defendants and one against the other defendant in favor of the plaintiff, which we need not discuss but do not concede, the act referred to shows the tendency of our Legislature, although the terms of the statute may not, strictly speaking, cover the case, and we will not dismiss the appeal, especially as we can have no difficulty in affirming the judgment appealed from.

*Judgment affirmed, the appellant to pay the costs.*