## CRIM v. LUMBERMENS MUT. CASUALTY CO.

### No. 90549.

District Court of the United States for the District of Columbia.

March 3, 1939.

716

William Wendell and Rowland Edwards, both of Washington, D. C., for plaintiff and third party defendant.

Frank F. Nesbit and Charles E. Pledger, Jr., both of Washington, D. C., for defendant.

LUHRING, Justice.

The declaration is in two counts and was filed on the 6th day of September, 1938, and prior to the effective date of the Rules of Civil Procedure for the District Courts of the United States, rule 86, 28 U.S.C.A. following section 723c.

It appears in each count of the declaration that the defendant corporation entered into a liability insurance agreement with one Frederic C. Newburgh, whereby it agreed that if any third person sustained injury or any property was damaged as a result of the operation of a certain Ford automobile either by said Frederic C. Newburgh or any member of his family or by any other person with his permission, the defendant, on behalf of such operator of the automobile, would contest, settle or compromise any claim for such injury or property damage in an amount not exceeding $10,000 for injury to any one person and not exceeding $20,000 for injury to two or more persons and not exceeding $1,000 property damage. It was further agreed that the defendant corporation would pay all costs incident to any litigation and any judgments rendered within the amounts indicated.

This agreement was in force on the 7th day of September, 1935, and it is alleged that on that day the plaintiff was an occupant in an automobile being operated by one Robert L. Crim in a southerly direction upon and across South River bridge on the road from Annapolis to Edgewater Beach in the State of Maryland, and that the Ford automobile owned by the said Frederic C. Newburgh was being operated by his minor son, Charles Newburgh, with his permission, in a northerly direction upon and across the said bridge.

There was a collision which resulted in the death of Charles Newburgh and serious injuries to the plaintiff. It is alleged that the collision was due to the negligence of Charles Newburgh in the management and operation of the Ford automobile.

■ At the time of this accident it was the law of Maryland that "executors and administrators * * * shall be liable to be sued in any court of law or equity, in any action (except for slander) which might have been maintained against the deceased * * * ; provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the death of the testator or intestate." Article 93, § 106, Ann. Code of Md. (1935 Supp.).

The Court of Appeals of Maryland has declined to recognize the so-called "family car doctrine" as applied to the use of automobiles, and has uniformly held that the owner of an automobile, provided by him for the use of his family, is not liable to one injured by the negligence of his son, who was using it wholly for his own purpose and not for the purpose of such owner, and that the son had the father's special or general permission to use the car is immaterial in this regard. Myers v. Shipley, 140 Md. 380, 116 A. 645, 20 A.L.R. 1460; Baitary v. Smith, 140 Md. 437, 116 A. 651; Pollock v. Watts, 142 Md. 403, 121 A. 238; Schneider v. Schneider, 160 Md. 18, 152 A. 498, 72 A.L.R. 449; Price v. Miller, 165 Md. 578, 169 A. 800.

The plaintiff had a cause of action on account of the negligence of the deceased, Charles Newburgh, which she was entitled to maintain in the State of Maryland against his executor or administrator, provided such action was instituted on or before the 6th day of March, 1936. She had no cause of action against Frederic C. Newburgh, the father of the deceased and the owner of the automobile.

The plaintiff did not bring an action against the personal representatives of the deceased on or before March 6th, 1936.

The first count of the declaration in paragraph 11 alleges that in the month of December, 1935, "the defendant corporation * * * did * * * enter into an oral agreement with the plaintiff whereby the defendant corporation agreed that if the plaintiff would desist from filing suit against the estate of Charles Newburgh that the defendant corporation * * * would pay unto plaintiff a reasonable amount within its policy limit of $10,000, as payment to cover expenses incurred for medical and nursing services, loss of earnings, for pain and suffering, for damage to personal effects and other losses sustained from, to wit, September 7th, 1935 up to, to wit, the month of December, 1935, * * *. That to cover the aforesaid items the sum of, to wit, $9,940.00 was a just and reasonable amount * * *. That the defendant * * * did orally agree, * * * to pay said amount of $8,940.00. That the defendant corporation * * * has failed to pay the said amount of $8,940.00 to the plaintiff. That as a result thereof, there is now due the plaintiff from the defendant corporation the sum of, to wit, $8,940.00 together with interest from, to wit, the 1st day of January, 1936."

Paragraph 13 of the second count of the declaration alleges that the plaintiff was induced to abandon her cause of action in the State of Maryland by reason of certain fraudulent representations of the defendant corporation, charging specifically that "by reason of said fraudulent conduct and fraudulent misrepresentations on the part of the defendant corporation, * * * the plaintiff did not file suit within said six months period, and whereby and by reason of said fraudulent conduct and fraudulent misrepresentations the plaintiff was forever barred, after the expiration of the six months period, from filing suit for damages against the estate of Charles New-

burgh, deceased, and, as a result thereof the plaintiff was, and is, damaged to the extent of, to wit, $10,000."

On the 28th day of September, 1938, and before the service of its answer to the complaint, the defendant, by its ex parte motion, pursuant to Rule 14 of the Rules of Civil Procedure, moved for leave to make one William Wendell a party to the action and that there be served upon him a summons and third party complaint. Leave was granted and summons and third party complaint were served upon both Wendell and the plaintiff, Virginia Crim, September 28th, 1938.

The third party complaint alleges that "on and prior to March 6, 1936, William Wendell was attorney for Virginia R. Crim, plaintiff, and was representing her in connection with the claim which she alleged she had for injuries sustained in a collision which occurred on September 7, 1935, between an automobile in which she was an occupant and an automobile operated by Charles Newburgh, son of Frederic C. Newburgh, as result of which Charles Newburgh was killed, said collision being the same one referred to and described in the declaration."

It is further alleged that at any time "between September 7, 1935, and March 6, 1936, when the said cause of action became barred under the laws of the State of Maryland, William Wendell, Third-Party Defendant, could have taken steps to institute an action for said Virginia R. Crim against the personal representatives of Charles Newburgh, deceased, in the courts of the State of Maryland. There was no other state or jurisdiction in which personal representatives of Charles Newburgh, deceased, could have been appointed or in which a suit for damages for personal injuries sustained in said collision could have been instituted by Virginia R. Crim."

The third party complaint by appropriate allegation then charges that it became and was the duty of the third party defendant to know the law of the State of Maryland and to protect the rights and interests of the plaintiff by instituting suit and taking such other steps as were requisite and necessary to maintain such cause of action on or before the 6th day of March, 1936, and that the third party defendant wholly failed and neglected to do so, whereby the plaintiff lost her right of action and claim.

It is further alleged that the third party defendant "has no cause of action and cannot maintain a suit against Frederic C. Newburgh, the father of Charles Newburgh, deceased, because the 'family purpose doctrine' is not recognized in the State of Maryland, where the accident occurred, and Charles Newburgh, deceased, was not at the time of said collision using the car for any purpose or advantage of his father, but solely for his own pleasure and convenience and as an emancipated son engaged on an enterprise of his own."

The third party complaint continues with the following allegation: "Therefore, by reason of the negligence of the Third-Party Defendant, William Wendell, plaintiff, Virginia R. Crim, has been wholly deprived of and lost all right of action which she might have had to enforce her claim or collect damages for the injuries, if any were sustained by her, resulting from said collision, or to effect any compromise or settlement of any such right of action."

It is finally alleged that the third party defendant, William Wendell, is liable to the plaintiff for all of plaintiff's claim against the defendant and third party plaintiff and judgment is demanded against the third party defendant for all sums that may be adjudged against the third party plaintiff and payable to the plaintiff.

The third party defendant moves to dismiss the third party complaint for the reasons (1) "that the third party complaint fails to state a claim upon which relief can be granted, (2) and for other good and sufficient reasons to be urged upon a hearing of this motion."

The third party complaint does state a claim upon which relief can be granted. Counsel do not urge the first ground of the motion to dismiss, but contend that "the point raised by the motion to dismiss is simply this: that the claim set forth in the third party complaint is different from the claim set forth in the declaration, and, therefore, the third party complaint is improperly filed under the terms of Rule 14 * * *." The better practice in this instance would seem to be a motion to vacate the order granting leave to file the third party complaint and to strike the complaint. Rule 7 (b) (1). The motion to dismiss, therefore, will be treated as a motion to vacate.

The question presented is whether or not this is a proper case for a third party complaint.

■■ The plaintiff had a cause of action against the estate of Charles Newburgh but did not pursue the remedy afforded by the law of Maryland. Her claim for relief as disclosed by the declaration is based on two theories. In the first count the theory adopted is that she abandoned her cause of action in consideration of the oral promise of the defendant corporation to pay her a definite sum of money. The second count of the declaration proceeds upon the theory that she was induced to abandon the cause of action by reason of the "fraudulent misrepresentations" of the defendant corporation.

The Federal Rules permit a party to state his case as extensively as he wishes. He is not confined to one theory if more than one will apply. Here the plaintiff may succeed by proof of either one of the counts.

■■ The third party complaint is confined to the theory that the third party defendant Wendell "is * * * liable * * to the plaintiff for all * * * of the plaintiff's claim" against the defendant corporation.

The very purpose of Federal Rule 14 is to avoid two actions which should be tried together. This saves time and expense. Here the third party complaint tenders to the plaintiff another defendant, who, it is alleged, is liable to her for all of the claim she is asserting against the original defendant.

This is permissible under the rule, and in that respect the federal procedure differs from that of the State codes. The latter require that the third party defendant be liable wholly or in part to the defendant, either by way of contribution, indemnity or otherwise, for the claim made against him. The federal rule is patterned after Admiralty Rule 56, 28 U.S.C.A. following section 723, and extends the right to bring in a party who is or may be liable to the plaintiff. The rule permits the plaintiff to "amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

This provision furnishes a test by which it may be determined whether the third

party complaint shall be allowed. If the claim set out in the third party complaint might have been asserted against the third party defendant had he been joined originally as a defendant, it follows that the defendant is entitled, as a third party plaintiff, to bring in such third party defendant. To determine whether such a joinder is permissible requires a consideration of Federal Rules 18, 19 and 20.

▉ Federal Rule 18 (a) makes very liberal provision for the joinder of claims. The pertinent provisions of that rule read as follows: "The plaintiff in his complaint * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20 and 22 are satisfied. * * *"

Rule 19 (a) has no application to the problem here presented. Rule 20 (a) deals with "permissive joinder," and so far as here material is as follows: "* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

By virtue of the provisions of Rule 20 (a), just quoted, the plaintiff might have joined Wendell as a defendant in the original declaration or complaint. Indeed that would have been proper practice under paragraph 2 of old Law Rule 28. That rule permitted persons to be "joined as defendants against whom the right to relief is alleged to exist in the alternative, although a right to relief against one may be inconsistent with a right to relief against the other." This rule is in force in the State of Connecticut (section 120, p. 238, Practice Book of Conn. 1908) and was in force in this District for many years prior to the Federal Rules.

The Connecticut rule was considered in the case of Eames v. Mayo, 93 Conn. 479, 106 A. 825, where the plaintiffs sued two defendants, Mayo and the Mayo Radiator Company, for services as brokers. The complaint was in two counts. The first count alleged that Mayo, as the agent of the Mayo Radiator Company, agreed with the plaintiffs that if they procured a purchaser for the Radiator Company, its business and assets, they should receive certain compensation for their services. That thereafter the plaintiff procured a purchaser willing, ready and able to purchase said Radiator Company. That Mayo refused to carry out the agreement and sold the Radiator Company, its business and assets to a third party.

The second count, after incorporating material allegations of the first count, alleged that "if the defendant Mayo did not in truth and in fact have authority to represent, bind and obligate the defendant, Radiator Company, in the dealings between said Mayo and said plaintiffs * * * then said Mayo willfully, falsely and carelessly and with intent to deceive the plaintiffs did pretend and say to the plaintiffs that he was the duly authorized agent and representative of the defendant Radiator Company with full authority to act for said company in the dealings between him, the said Mayo, and the plaintiffs, * * * and did induce the plaintiffs, who relied upon his said false and fraudulent statements and misrepresentations, to perform the act and render the services heretofore set forth to the great loss and damage of the plaintiffs."

The prayer for relief read as follows: "The plaintiffs claim $100,000 damages from the Mayo Radiator Company, or if the said Virginius Mayo in fact acted without authority from said Mayo Radiator Company, then they claim said damages from said Virginius J. Mayo."

It was held that under the rule a plaintiff, who is in doubt whether a contract made by him with an officer of a corporation in its behalf was in fact authorized by the latter, as represented by such officer, may sue both of them and claim damages for the breach or non-performance of the contract in the alternative, as the question of authority may be determined upon the trial. The Court at page 486 of the opinion, 106 A. at page 827 said: "The very reason for this form of complaint and prayer for relief is that the plaintiff, having a single cause of action against somebody, does not know which of the two defendants is liable. If he does know he cannot honestly allege doubt. The sub-

stance of his complaint is that he is entitled on his facts to relief from one or the other of the named defendants. The facts are all connected with and arise out of a single transaction; a single relief is demanded. Both defendants are interested adversely to the plaintiffs and adversely to each other." See, also, the English case, Payne v. British Time Recorder Co., 2 K.B. 1 (1921).

Had the plaintiff joined Wendell in the original declaration with the defendant corporation, she would have asserted against him in the 'alternative a right to relief based on his negligence in respect of and arising out of the same transaction or occurrence which gave rise to her claim for relief against the defendant corporation. The transaction or occurrence was the loss of a valuable right, that is, her cause of action against the estate of Charles Newburgh for damages on account of personal injuries sustained by her due to the negligence of the deceased.

The question of fact common to both defendants, Wendell and the corporation, in such case would be (1) whether the plaintiff had a cause of action for damages against the estate of Charles Newburgh, deceased; and (2) whether she asserted that cause of action.

In the first two counts of the declaration she really resorts to alternative pleading, thus disclosing that she is not certain whether she abandoned her right to relief because of an oral contract with the defendant corporation or because of the false representations of that defendant. The alternative may be pursued still further if Wendell is joined as a defendant by alleging that this right to relief was forever lost ·because of his negligent failure to proceed in time.

Therefore, under Rule 14, the plaintiff may amend her complaint if she so desires and assert against the third party defendant, Wendell, her claim for damages sustained because of his negligence. This she could have done in the beginning, but elected not to do so.

It is pointed out that Rule 14 permits the third party defendant to assert any defenses which the third party plaintiff has to the plaintiff's claim, and so it is argued that this is not a proper case for third party procedure because the obvious defenses of the defendant corporation are not available to the third party defendant. Furthermore, it is urged that the provision of

Rule 14 to the effect that "the third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff," lends weight to the argument that the rule can not be made applicable.

The defendant corporation has answered the complaint and denies that the collision resulting in the injuries to the plaintiff was due to the negligence of Charles Newburgh, deceased. This defense would be available to the third party defendant. The defendant corporation also denies that it entered into the verbal agreement with the plaintiff, and denies that it made the fraudulent representations. With these defenses the third party defendant is not concerned, and he can not thus defend the charge of negligence.

It is not contended that there is a joint liability. The amended complaint can not proceed upon that theory. The joined claims are not independent claims but alternative claims, as we have seen, and judgment can not go against both defendants. One or the other is liable to the plaintiff. Therefore, a judgment against the defendant corporation can not be collected from the third party defendant, Wendell, and that is true also in case judgment is rendered against Wendell. It can not be collected from the defendant corporation. To hold otherwise would be to defeat the very purpose of the rule in all cases where the third party defendant was charged with being wholly responsible for the claim asserted against the original defendant and the court or jury found in favor of such third party defendant.

In a case where the third party defendant is liable to the third party plaintiff in contribution or indemnity, then "the third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, etc." That question is not involved here. The third party plaintiff is not seeking contribution or indemnity. By its third party complaint the defendant corporation simply tenders to the plaintiff a third party defendant, who, it is alleged, is liable for all of the claim asserted against it.

If the plaintiff declines to amend the complaint and assert a claim for relief against the third party defendant, the Court is inclined to believe that judgment can not be awarded against the third party defendant, Wendell, in favor of the plain-

tiff. See Jensen v. Bank Line, 2 Cir., 26 F.2d 173; Burns Bros. v. City of New York, D.C., 22 F.Supp. 55. However, that question is not now presented.

The same questions here discussed are involved in the case of Robert L. Crim v. Lumbermens Mutual Casualty Co., Law No. 90550, pending in this court.

The motion to vacate the order granting leave to file the third party complaint is overruled in both cases, Law No. 90549 and Law No. 90550.