MILLER *v.* SHEGOGUE

[No. 122, September Term, 1959.]

*Decided January 19, 1960.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *William R. Scannell* and *Albert J. Ahern, Jr.,* for the appellant.

Submitted on brief by *Jerrold V. Powers* and *Sasscer, Clagett & Powers* for the appellee.

PER CURIAM.

The only question here involved is one of agency. The appellant instituted an action against the appellee for personal injuries allegedly suffered as a result of an automobile, in which the appellant was a passenger, being driven off the highway, at about 2 A. M. in the morning, by a garageman with whom it had been left for repairs.

The son of the appellee had purchased the automobile, and, as the money to pay for it had to be borrowed and the son was under age, it was titled in the appellee's name. The appellee did not use the car for his own purposes at all. It was left by appellee's son, from one to three weeks prior to the accident, with Bob's Auto Service, Inc., for repairs, the son giving his permission to the repairman to "drive it to test it."

Robert Kerr, either the proprietor of Bob's Auto Service, Inc., or its employee (the briefs and record extract do not make his relationship with the company definite or clear) testified he was in the process of driving "one of the employees" home from work, and, after stopping for a "sociable beer and sandwich" the accident occurred. He was also taking the automobile to his home because he did not want it to sit outside and he wanted to "test it out."

The trial court granted the appellee's motion for a directed verdict in his favor on the ground that there had been no evidence adduced to show that the driver of the car was the agent, servant or employee of the appellee. As indicated above, no question of negligence or proximate cause is here involved.

The appellant relied almost entirely upon the presumption

of law that the operator of a motor vehicle is presumed to be the agent, servant or employee of its owner, acting within the scope of his employment. One of our most recent decisions dealing with the subject is *Hoerr v. Hanline,* 219 Md. 413. This presumption, however, is rebuttable and the rule is there stated as to what is necessary to destroy the presumption as a matter of law. In *Bell v. State,* 153 Md. 333, 337, this Court stated that an automobile repairman, who was "in possession and had full control of the automobile" and was "using his own means and methods for accomplishing his work, and not being under the immediate supervision and control of his employer," was an independent contractor. See also *Trautman v. Warfield & Rohr Co.,* 151 Md. 417, and *Annotations,* 18 A.L.R. 974 and 35 A.L.R. 2d 804. Cf. *Greer Lines Co. v. Roberts,* 216 Md. 69.

We conclude that the evidence adduced clearly destroyed the presumption of agency as a matter of law, and the trial court was, therefore, correct in granting the appellee's motion for a directed verdict.

*Judgment affirmed, with costs.*