STATE, Use of SHIPLEY et al. *v.* WALKER et al.

(Two Appeals in One Record)

[No. 73, September Term, 1962.]

134

*Decided December 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, HORNEY and SYBERT, JJ.

*James R. White* and *A. David Gomborov,* with whom were
*Joseph L. Cymek, Bernard L. Silbert, J. Seymour Sureff* and
*Silbert & Gomborov* on the brief, for the appellants and cross-
appellees.

*John Demyan, Jr.,* and *Thomas J. Wohlgemuth,* with whom

were *Smith, Wohlgemuth & Westcott* on the brief, for the appellees and cross-appellant.

HENDERSON, J., delivered the opinion of the Court.

These cross-appeals are from judgments entered in actions filed by the parents and administrator of a deceased boy against the driver of an automobile and its owner. The appellants contend that the trial court erred in granting a directed verdict in favor of the owner, Walker, and in granting a remittitur upon a finding that the verdict against the driver, Tyler, was excessive. The appellees and cross-appellant contend that the evidence was legally insufficient to support a verdict against either of them, that the court erred in several of its rulings on evidence, and in refusing certain requested instructions.

The facts in the case are virtually undisputed. On October 1, 1959, Tyler, aged 16, was operating a 1955 Plymouth sedan owned by his stepfather, Walker, with the latter's permission. Tyler had obtained his regular driver's license about a month before. He drove from his home in Anne Arundel County to school, and from school to Baltimore, after the morning session, to exchange a pair of tennis shoes that his mother had purchased for him. He was accompanied by his two brothers and the decedent, Rocky Shipley, aged 14, whom he had picked up near Glen Burnie on the Ritchie Highway. Returning from Baltimore, he dropped Rocky at Rocky's home since Rocky had not had his lunch. He told Rocky he was going home. But instead of returning to his own home, Tyler turned into Primrose Lane to practice driving in sand. Primrose Lane is an unpaved, deadend, private road leading from Old Stagg Road over property owned by a Mr. Dicus, about a block distant from Rocky's house. Primrose Lane is about a block in length, and has a sharp bend, obscured by brush. Tyler made several practice runs up and down Primrose Lane. As he came around the bend on one of these runs he saw an object in the road which proved to be Rocky. He tried to avoid striking Rocky, but failed to do so.

We think it is clear that Tyler was not the agent or servant

of Walker at the time of the accident. The presumption of agency arising from ownership is rebuttable. *Hoerr v. Hanline,* 219 Md. 413, 420, *Miller v. Shegogue,* 221 Md. 292, 294. The mere fact that the owner has given permission to the driver to use his car is not enough to make him liable. *Pollock v. Watts,* 142 Md. 403. In practicing driving on a private road at some distance from the direct route to his home, we think Tyler was engaged on a mission of his own, serving no purpose of the owner, even if we assume that the mission of exchanging the shoes was in the parental interest of the step-father. The authorities on the question of departure from the course of employment or agency, as distinguished from a mere deviation, are summed up in the cases of *Trucking & Storage, Inc. v. Durkin,* 183 Md. 584, and *Fowser Fast Freight v. Simmont,* 196 Md. 584. We think the uncontradicted evidence here establishes a departure. Nor do we find merit in the argument that the stepfather could be liable on the theory that Tyler was known to be an incompetent driver. Granting that he was somewhat inexperienced, there is nothing to indicate that he was not ordinarily a careful and qualified driver, and the evidence is uncontradicted that he had obtained a regular license. Cf. *Rounds, Admr. v. Phillips,* 166 Md. 151, and *Whitelock v. Dennis,* 139 Md. 557. The record also shows, as an admitted fact, that Tyler had filed a certificate of Financial Responsibility. Under Code (1957), Art. 66½, sec. 93 (c), this relieves the parent or guardian signing his application from liability for imputed negligence.

Little need be said as to the claim that the court erred in ordering a remittitur upon finding that the verdict in the administrator's suit was excessive. The granting or refusal of such an order is largely discretionary with the trial court. *Mezzanotte Constr. Co. v. Gibons,* 219 Md. 178, 183, *Leizear v. Butler,* 226 Md. 171, 178 and cases cited. See also *State v. Gray,* 227 Md. 318 and *Snyder v. Cearfoss,* 186 Md. 360. It is well settled that the granting or refusal of a new trial, conditional or otherwise, is not reviewable except under extraordinary circumstances. We find no abuse of discretion in the instant case. Moreover, we have held, in accord with the great

weight of authority, that the plaintiffs' acceptance of the lesser amount is a bar to review. *Turner v. Wash. Sanitary Comm.*, 221 Md. 494, 504 *et seq.*

The cross-appellant strongly contends that there was no legally sufficient evidence of primary negligence. It is true that from Tyler's deposition, read in evidence because he was in the military service at the time of trial, it would appear that he came around the bend in a dirt road at only 15 to 20 miles per hour, saw an object in the road and was unable to avoid striking it. However, the police officer who investigated the accident testified that it was 45 feet from the place where the road "straightened" and "came out of the turn" to the point of impact, and that the car travelled 66 feet from the point of impact to the point where it came to rest with the body of the boy underneath. We think the evidence permits an inference that the driver did not have his car under proper control in rounding a "blind" bend in the road, and did not see the object as soon as he should. Moreover, it appears from his own testimony that he tried to pull his wheels out of the rut in order to avoid striking the object, instead of applying his brakes, and this probably accounts for the distance the car travelled with the body under it. This is not a case where a child suddenly darts in front of an automobile, as in *Flyer v. Del Borrell*, 227 Md. 545, and *Brantner v. Watkins*, 227 Md. 626. It is a case where the jury might properly find that the driver should have seen the injured boy before he did, and could reasonably have done more than he did to have avoided the accident. *Dorough v. Lockman*, 224 Md. 168, 172 and cases cited.

The cross-appellant raises several points of evidence that are without merit. The copy of the hospital record, being a photostat, was admissible under Code (1957), Art. 35, sec. 59, and was produced by Dr. Shipley, who was in charge at the time. Copies of the statement given by Tyler to the police and the police report, were likewise properly put in evidence through the investigating officer.

We find no error in the refusal of an emergency instruction by the court, which was, in effect, a request for a directed

verdict based on "the uncontradicted facts". The court did grant two prayers leaving to the jury the question of emergency and also of unavoidable accident. This was as much, or more, than the defendants were entitled to under the facts of the case. We also find no error in the instructions granted as to damages. Cf. *State v. Board of Comm'rs of Prince George's Co.*, 207 Md. 91, 107.

> *Judgments affirmed, costs to be divided and paid equally by the parties.*