LEACH ET AL. *v.* METZGER ET AL.

[No. 117, September Term, 1965.]

534

*Decided March 4, 1966.*

The cause was argued before HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Matthew Swerdloff* for the appellants.

*Gerald N. Klauber* for the appellees.

MARBURY, J., delivered the opinion of the Court.

The plaintiffs-appellees, Estelle Metzger and her husband, William Metzger, brought suit on January 11, 1963, against the defendants-appellants, Artis Leach, driver of a taxicab, and Irvin Edelstein t/a Checker Cab Association Inc., for damages

arising out of injuries sustained by the wife as the result of a rear end collision on October 10, 1961, between the taxicab and a standing automobile in which Mrs. Metzger was a passenger. The appellants admitted their liability and on March 11, 1965, the case was tried before a jury, Judge Carter presiding, on the sole question of damages. After considering the evidence, the jury returned a verdict in favor of Estelle Metzger in the amount of $7,000 and a verdict in the amount of $2,000 in favor of William Metzger for medical expenses and loss of his wife's services.

At issue on this appeal are the questions: (1) did the trial court commit error in refusing the appellants' request for a mistrial because of the use by plaintiffs' counsel of a "golden rule" [1] argument to the jury when the trial judge immediately instructed the jury to disregard that argument and re-instructed the jury as to the correct measure of damages, and (2) did the trial court err in its denial of appellants' motion for a new trial based on the alleged excessiveness of the jury's verdicts.

At the trial the jury heard expert testimony from a doctor to the effect that Mrs. Metzger had, as a result of the accident, suffered an estimated 40% permanent disability due to injuries to her neck and that her injury would require therapy over a long period of time. Mrs. Metzger testified that as of the day of trial, she was still enduring pain in her neck which had affected her ability to sleep. She described that pain as a feeling that the flesh was being pulled from the bone. William Metzger testified that after the accident his wife's activities were limited, that she was in constant pain and as a result he was required to do household chores which would have otherwise been performed by his wife. Doctors' bills paid by the husband totalled $430, and the wife's wages lost consequent to the accident amounted to $232.

After evidence as to the damages suffered had been presented, the trial judge properly instructed the jury as to the various elements to be considered in ascertaining what dollar figures would properly compensate the appellees. Plaintiffs' counsel, Mr.

---

1. The allusion is to the saying attributed to Jesus in Luke 6:31, "As ye would that men should do to you, do ye also to them likewise."

Klauber, then made his argument to the jury, which was not recorded. During the course of that argument the following recorded colloquy took place between the trial judge and appellants' counsel:

> "(Mr. Swerdloff) Counsel for the Plaintiffs has just stated to the jury that they must put themselves, basically, in the place of the Plaintiff and award damages as if it had been them involved in the accident. In fact, he said you must put yourselves in the place of these people, and I respectfully request—
>
> "(The Court) He said as though it was your wife.
>
> "(Mr. Swerdloff) I stand corrected. I submit that is an argument which is basically Golden Rule argument, is improper, outside of the scope of the evidence, and I respectfully request the Court for a mistrial.
>
> "(The Court) I deny that, but I shall admonish the jury that is not proper argument.
>
> "(Mr. Swerdloff) Thank you, sir.
>
> "(The Court) Members of the jury, an objection has been made, and properly so, to the argument that Mr. Klauber has just made that you are to consider the situation as though, in effect—I think that is what he said—as though it was your wife involved. That is not the test, and really that's not proper argument. I have told the jury the elements they may consider for the determination of this case, and I am sure they will follow that instruction. It isn't a question as though it's your wife, anybody else's wife, you or anybody else. It's a question of what is fair and reasonable and proper compensation, based on the evidence and the instructions you have received. * * *."

Although no Maryland cases have specifically so held, arguments, such as the one apparently made by appellees' counsel, which urge jurors to deal with counsel's clients as they would wish to be dealt with if they were in such client's position, are improper. The vice inherent in such argument is that it invites the jurors to disregard their oaths and to become non-objec-

tive viewers of the evidence which has been presented to them, or to go outside that evidence to bring to bear on the issue of damages purely subjective considerations, and resultingly courts in many other jurisdictions have deemed such "golden rule" arguments to be improper. For a comprehensive collection and discussion of such cases see 70 A.L.R. 2d 935-56.

We do not find, however, that the trial judge in the instant case committed reversible error in failing to grant a mistrial after the use of this improper argument, because he promptly and unequivocally instructed the jurors to disregard the argument, and as well succinctly reminded them of his earlier instructions, to which no objection has been made. In *Esterline v. State,* 105 Md. 629, 638, 66 Atl. 269, this Court adopted the statement of Justice Brown in *Dunlop v. The United States,* 165 U. S. 486, which is also apposite here:

> "If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

Having an opportunity to hear the attorney as well as to appraise the effect of his words on the jurors before him, the trial judge is of necessity empowered with wide discretion in deciding whether the prejudicial effect of counsel's remarks can be erased by corrective instructions or if a mistrial is required. *Capitol Traction Co. v. McKeon,* 132 Md. 79, 103 Atl. 314. We do not think that the trial judge abused that discretion here.

The second question raised by the appellants requires little discussion because it is well settled that the granting or refusal of a new trial, conditional or otherwise, is not reviewable by this Court except under extraordinary circumstances. *State, Use of Shipley v. Walker,* 230 Md. 133, 137, 186 A. 2d 472. There were no extraordinary circumstances here present.

*Judgments affirmed, with costs.*