# HOUSE *v.* JEROSIMICH

[No. 365, September Term, 1966.]

748

*Decided June 1, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, and FINAN, JJ.

*Bayard Z. Hochberg* and *Daniel A. Bronstein,* with whom was *Paul Berman* on the brief, for appellant.

*Joseph I. Pines,* with whom was *Max R. Israelson* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

George Jerosimich, plaintiff-appellee, brought suit in the Circuit Court for Anne Arundel County to recover damages sustained when the parked truck in which he was seated was struck in the rear by an automobile owned by Edward J. House, defendant-appellant, and operated by his wife, Alice M. House, co-defendant. A jury found for the plaintiff against both defendants; and from the judgment on the verdict, only the husband has appealed.

On February 20, 1963, after 8:00 a.m., appellee was seated in his truck which was parked on the shoulder of Solley Road in Anne Arundel County when the truck was struck in the rear by appellant's automobile driven by his wife. Prior to the accident, appellant had been driven to meet, in the Curtis Bay section of Baltimore City, a person who was to drive him to work. After leaving appellant at the meeting place, his wife drove to Brooklyn to purchase meat for their daughter's lunch. She then returned toward her home on the same road she had taken to deliver her husband. She was approximately one block from their home when the collision occurred.

Appellant contended that the trial court erred in not granting a motion for a directed verdict at the close of all the evidence in that allegedly there was no evidence legally sufficient to entitle a jury to find the wife the agent of the husband. Appellant also contended that the trial court erred in its instructions on the issue of agency.

The husband-owner of an automobile is liable for his wife's negligence in the use of his automobile when she is acting as his servant or agent. *Talbott v. Gegenheimer,* 245 Md. 186, 225 A. 2d 462; *Charles v. Baltimore,* 138 Md. 523, 114 Atl. 565. In determining whether the wife is the agent of her husband, the ordinary rules of agency are applied. *Charles v. Baltimore,*

*supra;* 6 Blashfield, *Automobile Law and Practice,* Section 255.1, page 408. The driver of an automobile is presumed to be the agent of the owner and to be acting within the scope of employment. *State, Use of Shipley v. Walker,* 230 Md. 133, 186 A. 2d 472; *Hoerr v. Hanline,* 219 Md. 413, 149 A. 2d 378. See also *Pollock v. Watts,* 142 Md. 403, 406-07, 121 Atl. 238. This presumption is rebuttable, but evidence required to destroy it as a matter of law must be both uncontradicted and conclusive; and if the evidence as to agency is contradicted, or if uncontradicted is not conclusive, the question of agency is for the jury. *State, Use of Shipley v. Walker, Hoerr v. Hanline,* both *supra.*

The evidence, in a light most favorable to the appellee, was sufficient to take the question of the wife's agency to the jury. The wife testified that at his request she drove her husband to meet the person who was to drive him to work. Counsel for appellant admitted in oral argument before this Court that if the accident had occurred while the wife was driving her husband to the Curtis Bay area, the wife could have been found to have been the agent of the husband. See *Slutter v. Homer,* 244 Md. 131, 223 A. 2d 141.

Appellant contended that the primary purpose of the wife in using her husband's automobile was for her own purposes and that once she had dropped her husband off and proceeded to purchase the luncheon meat for the daughter, the agency was terminated.

Assuming without deciding that the wife was not the agent of her husband when she proceeded to purchase the luncheon meat, see *Talbott v. Gegenheimer, supra,* the evidence was not conclusive and was in conflict on the question whether the primary purpose of the wife was the transportation of the husband to meet the person who was to drive him to work or the purchase of luncheon meat. Compare *Fletcher v. Meredith,* 148 Md. 580, 129 Atl. 795; *Pollock v. Watts, supra.*

In *Fletcher,* a case tried without a jury, the plaintiff was struck by a truck owned by defendant and operated by A. A asked defendant if defendant would lend him the truck belonging to the firm to go to the funeral of an uncle. Defendant said that the truck could not be spared, but there was a load of lum-

ber to be delivered in the same direction A would have to go to get to the funeral. Defendant said that if A was willing to deliver the lumber, he could use the truck to go to the funeral afterwards. A delivered the lumber and went to the funeral, and on his return, the accident occurred. Recovery was sought on the theory that A had finished his own use of the truck and had returned to the employer's business by returning to the place where the truck was kept. The Court held, in affirming the lower court, that upon the testimony it could be said the whole trip originated as one on personal business of the employee and held that under the circumstances the employer was not liable.

In *Pollock,* a case tried before a jury, the husband was driving the automobile of his wife at the time of the accident. The husband was going to a cemetery to visit his mother's grave. While on the way, he dropped his wife off at his sister's and digressed from his course to the cemetery in order to get his brother. Shortly after this the accident occurred. The husband requested the trial court to instruct the jury that there was no evidence legally sufficient to show that the husband was the agent of the wife. The trial court refused the instruction. In reversing, the Court held that the evidence was uncontradicted that the primary purpose of the husband was to serve his own mission and in no way was the visit to his mother's grave for the business of the wife.

In the present case, the wife stated on direct examination at the trial in answer to a question concerning where she was going that morning, "I took my husband into Curtis Bay and I stopped at Giles Food Market in Brooklyn, Patapsco Avenue, wherever it's at, Giles Food Market." Also, the wife, in answering a question whether she intended to go to the store if she had not taken her husband to work, said, "Oh, I had to get lunch meat for my daughter's lunch because I work and I didn't get home from work until 12:30 and the stores were closed." No other testimony on this subject was given. The question of agency, under the circumstances, was clearly one for the jury.

Once it was determined that the wife's primary purpose in using the automobile was to transport her husband, the fact that she dropped him off and then used the automobile for her

own purposes does not forestall a finding that she resumed her agency when she returned home on the same route over which she had driven her husband and was within one block of their home when the accident occurred. *Erdman v. Horkheimer & Co.,* 169 Md. 204, 181 Atl. 221; *Mech v. Storrs,* 169 Md. 150, 179 Atl. 525; *Regal Laundry Co. v. Abell Co.,* 163 Md. 525, 163 Atl. 845. The question whether she had resumed the agency at the time of the accident was under the circumstances of this case a question for the jury. *Erdman v. Horkheimer & Co., supra.* See *Fletcher v. Meredith, supra.*

Appellant contended that even if the wife was her husband's agent at the beginning of the trip, the agency did not include the returning of the car to the home. Appellant cited two cases, *Graham v. McCord,* 384 S. W. 2d 897. (Tex. Civ. App. 1964), and *Mitchell v. Ellmaker,* 134 Pa. Super. 583, 4 A. 2d 592 (1939), both of which are not decisions of the highest courts in the respective states and are clearly distinguishable on the facts. Another case cited by appellant, *Pollock v. Watts, supra,* already has been distinguished.

The trial court gave only one instruction on the issue of agency. The instruction was:

> "The Court further instructs you that if you find for the plaintiff, and further find the defendant, Alice M. House, was on the business of or acting as an agent for her husband, Edward House, at the time of the collision in evidence, then your verdict must be in favor of the plaintiff against both defendants."

The trial counsel for appellant excepted to the instruction on agency, but made no request for instructions on this issue. The exception was as follows: "The defendant excepts to the granting of Plaintiff's Prayer Request for Instruction No. 1, because it feels that the facts show that the driver of the car was not the agent of her husband."

Assuming that the exception otherwise complied with Maryland Rule 554 d, appellant's contention that the instruction was too general and left the jury with no guide lines to find agency is without merit, in light of the fact that appellant did not except to the court's failure to define agency and of the fact that

a reading of the instructions as a whole shows there could have been little chance for a misunderstanding by the jury. Cf. *Simco Sales v. Schweigman,* 237 Md. 180, 205 A. 2d 245. The grounds stated for the exceptions dealt with the insufficiency of the evidence to show agency. However, as pointed out above, the evidence was sufficient to take the case to the jury which, by its verdict, implicitly found that agency existed.

*Judgment affirmed, with costs.*