681 A.2d 61

**Kathryn C. TOSCANO**

v.

**Hope SPRIGGS.**

**No. 101, Sept. Term, 1995.**

Court of Appeals of Maryland.

Aug. 21, 1996.

Richard R. Page Wyrough (Cain & Wyrough, on brief), Upper Marlboro, for Petitioner.

Nancy L. Miller, Clinton, for Respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RODOWSKY, Judge.

We issued certiorari to the Court of Special Appeals, after its unreported decision in this motor vehicle tort action, to review that court's application of the presumption that the operator of a motor vehicle is the agent, servant or employee of its owner and is acting within the scope of such employment. In holding that the presumption had not been rebutted, the intermediate appellate court relied heavily on the presumption of permissive use, articulated in *State Farm Mut. Auto. Ins. Co. v. Martin Marietta Corp.*, 105 Md.App. 1, 657 A.2d 1183, *cert. granted,* 340 Md. 268, 666 A.2d 144 (1995), *cert. dismissed,* 342 Md. 603, 679 A.2d 104 (1996). In the instant case we agree with the owner's argument that the presumption of agency was conclusively negated, and we shall reverse.

The facts relevant to agency involve three individuals: the petitioner, Kathryn C. Toscano (Toscano); John Edward Farmer (Farmer); and Charles David Breedlove (Breedlove). Toscano was the owner, but not an occupant, of a Ford Thunderbird automobile when it was involved in the subject accident. Farmer and Breedlove were in the Thunderbird at the time of the accident. The latter was licensed to operate a motor vehicle but the former was not. When the accident occurred one or the other was driving, but just which one was the driver was not resolved by a fact-finding in the trial court.

At the time of the accident, October 29, 1987, Toscano resided in Waldorf, Maryland, and she was employed full time in Clinton, Maryland. Separated or divorced from her husband, Toscano had custody of her two young children who were tended to by a live-in nanny.

Breedlove in October 1987 was Toscano's gentleman friend. He had been married and divorced. Perhaps five nights a month he spent the night at Toscano's home. In November

1987 he moved into Toscano's home, and the couple later had a child. They separated in July 1990.

Farmer was fifteen years old at the time of the accident. He never knew his father. His mother resided somewhere in the Alexandria, Virginia area where Farmer was enrolled in public school. His mother seems to have let the child fend for himself with the result that, in the summer and fall of 1987, he was on some form of probation in Northern Virginia.

Toscano first encountered Farmer in July 1987. He was working in the kitchen of a night club in the Georgetown section of Washington, D.C. where Breedlove was also employed. Toscano took the youth to her heart and to her home. She fed him and bought him clothes. She drove him to school and picked him up after school. She discussed his problems with his probation officer and with the guidance counselor at his school. She sought Farmer's mother's consent for Toscano to be recognized legally as his foster mother, but the birth mother would not consent. Toscano considered herself to be the *de facto* foster mother of Farmer.

The accident occurred when Toscano's Thunderbird struck a pedestrian, the respondent, Hope Spriggs (Spriggs), while she was crossing Maryland Route 210 in Prince George's County. In July 1990 Spriggs filed a multi-count complaint against Toscano, Farmer, and by amendment to the complaint, Breedlove. Uncertain as to which occupant was the operator, Spriggs pled, alternatively, counts of negligence against each occupant, counts of negligent supervision and negligent entrustment against Toscano as to each occupant, and counts of *respondeat superior* liability against Toscano predicated on each occupant's being her agent. Judgment in favor of Spriggs was entered against Farmer and Breedlove, both of whom had defaulted. Damages were awarded, based on the proof produced at the trial of Toscano. Neither Farmer nor Breedlove testified at trial. As part of her case, the plaintiff read into evidence portions of the deposition of Toscano who denied that either Breedlove or Farmer had her permission or was her agent. At the close of the plaintiff's case the trial

court granted a motion for judgment in favor of Toscano on all counts against her.

There were cross-appeals to the Court of Special Appeals. Spriggs argued that there was sufficient evidence of negligent entrustment to Breedlove, but Spriggs did not question on appeal the ruling in favor of Toscano on alleged negligent entrustment to Farmer. Spriggs also challenged judgment for Toscano on the agency issue, but she factually limited that argument to agency on Breedlove's part. She argued that "Toscano's assertion that she did not ever allow David Breedlove to use her car did not destroy the presumption of agency.... Such assertion was neither uncontradicted nor conclusive...." Court of Special Appeals No. 1313, September Term, 1994, Appellant's Brief at 17. In the Court of Special Appeals Toscano, by cross-appeal, presented, *inter alia*, the issue of trial court error in admitting hearsay testimony that Breedlove was the driver.

The Court of Special Appeals affirmed the trial court as to negligent entrustment, but reversed on agency. On the claim of negligent entrustment the intermediate appellate court concluded that Breedlove's driving record and the evidence of Toscano's notice of that record were insufficient to support the claim. With respect to agency, Toscano had argued that "[t]he only testimony at trial was that at the time the accident occurred, Mr. Breedlove and Mr. Farmer were proceeding to Mr. Farmer's workplace to take Mr. Farmer to work." Court of Special Appeals No. 1313, September Term, 1994, Appellee/Cross–Appellant's Brief at 10. The Court of Special Appeals did not directly address that argument. That court considered Toscano to have contended that "her denial that she had given anyone permission to drive the vehicle was so convincing that the presumption of agency had been rebutted as a matter of law." The court found no merit in that contention.

In addition, the appellate opinion speaks of an "accident caused by the negligence of ... Breedlove," and says that "[a]t the time of the accident, Breedlove was driving an

automobile owned by ... Toscano." In the concluding paragraph of the opinion the court stated: "It may well be that, on remand, the jury will conclude that Breedlove was neither an agent nor a permissive user."

We granted Toscano's petition for the writ of certiorari. It raises two issues: (1) whether the presumption of agency was conclusively rebutted, and (2) whether the Court of Special Appeals could decide the identity of the driver of the Toscano vehicle. Spriggs did not file any cross-petition for certiorari. Consequently, the holding of the Court of Special Appeals affirming denial of the claim of negligent entrustment to Breedlove is final.

## I

"Mere ownership of a car does not impose liability for injuries caused in the driving of it. Liability, when it exists, is not for the car, but only for the act or omission of the person driving. And when the owner has not himself been the negligent cause of an injury, he can be held liable vicariously only when the negligence has been that of his servant engaged in his affairs. He is not even liable for the negligence of his general servant, his chauffeur, for instance, unless at the time the servant has been conducting the owner's affairs."

*Schneider v. Schneider,* 160 Md. 18, 20–21, 152 A. 498, 499 (1930).

There is a presumption that the operator of a motor vehicle is the agent of the owner. It was first recognized by this Court in *Vonderhorst Brewing Co. v. Amrhine,* 98 Md. 406, 56 A. 833 (1904), a case involving an intersectional collision between the plaintiff's horse-drawn bread wagon and the defendant's horse-drawn beer barrel wagon. Chief Judge McSherry, writing for the Court, relied in part upon *Joyce v. Capel & Slaughter,* 8 Car. & Pay. 370 (1838), a *nisi prius* decision involving a collision between a boat and a barge on the Thames River. In *Joyce,* regulations of the Watermen's Company required identifying numbers to be affixed to

barges. *Id.* In answer to the defendant's argument that there was no proof that the person steering the barge was a servant of the defendant, the trial judge ruled that it was the defendant's obligation to show that the barge had been hired out. *Id.* at 370–71.

Maryland appellate courts have applied the presumption of agency in numerous cases. *E.g., Campfield v. Crowther,* 252 Md. 88, 249 A.2d 168 (1969); *Williams v. Wheeler,* 252 Md. 75, 249 A.2d 104 (1969); *Martin Furniture Corp. v. Yost,* 247 Md. 42, 230 A.2d 338 (1967); *House v. Jerosimich,* 246 Md. 747, 230 A.2d 282 (1967); *Phillips v. Cook,* 239 Md. 215, 210 A.2d 743 (1965); *State ex rel. Shipley v. Walker,* 230 Md. 133, 186 A.2d 472 (1962); *Hoerr v. Hanline,* 219 Md. 413, 149 A.2d 378 (1959); *Grier v. Rosenberg,* 213 Md. 248, 131 A.2d 737 (1957); *Fowser Fast Freight v. Simmont,* 196 Md. 584, 78 A.2d 178 (1951); *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 51 A.2d 292 (1947); *Erdman v. Horkheimer & Co.,* 169 Md. 204, 181 A. 221 (1935); *Mackey v. Dorsey,* 104 Md.App. 250, 655 A.2d 1333 (1995).[1]

There is also a presumption that a non-owner-operator of a motor vehicle operates it with the permission of the owner. *State Farm,* 105 Md.App. at 8–9, 657 A.2d at 1186–87. A presumption of permissive use is implied in the presumption of agency. *Id.* at 11, 657 A.2d at 1188.

A presumption of permissive use, as consistent with Maryland law, was applied in *Royal Indem. Co. v. Wingate,* 353 F.Supp. 1002 (D.Md.), *aff'd.,* 487 F.2d 1398 (4th Cir.1973). An automobile rental company had leased a vehicle on short term to Mooney. *Wingate,* 353 F.Supp. at 1003. Wingate was operating the leased vehicle when it collided with the tort plaintiff. *Id.* The lessor's insurer disclaimed coverage for Wingate because the omnibus clause in its policy required an insured to operate with the permission of the lessor, but the

---

1. We recognize that, arguably, there are inconsistencies among the above-cited opinions. No party to the instant case, however, has asked us to reexamine the scope or application of the presumption of agency.

lease had limited operation of the vehicle to Mooney. *Id.* Neither Mooney nor Wingate testified. The court read 21 J. Appleman, *Insurance Law & Practice* § 12274 (1962) as recognizing a presumption of permissive use. 353 F.Supp. at 1004. The court concluded that "[s]uch a presumption would seem eminently reasonable, and this court is not prepared to say that it would be rejected by the Court of Appeals of Maryland." *Id.*

Other states, as a matter of their common law, recognize a presumption of permissive use. *See, e.g., Hille v. Safeco Ins. Co.,* 25 Ariz.App. 353, 543 P.2d 474 (1975); *Alred v. Jones,* 189 So.2d 226 (Fla.App.1966); *Van Zwol v. Branon,* 440 N.W.2d 589 (Iowa 1989); *State Farm Mut. Auto. Ins. Co. v. Hugee,* 32 F.Supp. 665 (E.D.S.C.), *aff'd,* 115 F.2d 298 (4th Cir.1940); *American Fidelity Co. v. North British & Mercantile Ins. Co.,* 124 Vt. 271, 204 A.2d 110 (1964).[2]

■ Toscano's liability to Spriggs involves only the presumption of agency. In the instant matter that presumption has been rebutted under the facts, which we review below.

Toscano testified via deposition in the plaintiff's case that, from the day after she purchased the Thunderbird, no one but she drove it. This evidence was contradicted by the nanny and by a neighbor in Waldorf who gave evidence of instances when Breedlove was driving the Thunderbird, unaccompanied by Toscano.

In her deposition Toscano said that on the night of the accident she came home from work, put the Thunderbird in the garage, hung up the key in the house, and went on foot to visit a neighbor approximately one mile away. There was also

---

2. A number of other jurisdictions have enacted statutes which create a presumption of permissive use. For cases decided under such statutes see, *e.g., McClellan v. Allstate Ins. Co.,* 247 A.2d 58 (D.C.1968); *De Bolt v. Daggett,* 416 N.W.2d 102 (Iowa 1987); *Lawrence v. Myles,* 634 N.Y.S.2d 316 (1995) (statute not cited but nonetheless in effect); *Guerrieri v. Gray,* 203 A.D.2d 324, 610 N.Y.S.2d 301 (1994); *Smyth v. Pellegrino,* 28 A.D.2d 537, 279 N.Y.S.2d 694 (1967); *Aetna Casualty & Sur. Co. v. Lumbermen's Mut. Casualty Co.,* 11 N.C.App. 490, 181 S.E.2d 727 (1971).

evidence that, customarily, Toscano never walked to visit the neighbor. After one to two hours Toscano returned home. Only after she received a telephone call advising of the accident did she realize that the Thunderbird was missing. She went to the accident scene.

Spriggs argues that the contradictions of Toscano's testimony are sufficient to permit the inference that Breedlove had permission to drive the Thunderbird at the time of the accident. This argument of Spriggs in support of agency fails to distinguish between permissive use and agency. Proof of permissive use is not the equivalent of proof of agency.

In *State ex rel. Shipley v. Walker*, 230 Md. 133, 186 A.2d 472 (1962), the personal injury plaintiff appealed from a judgment entered on a directed verdict in favor of the owner of an automobile operated at the time of the accident by the owner's newly licensed, sixteen year old stepson. The stepson had been furnished the vehicle in order to exchange a pair of shoes purchased for him by his mother. The accident occurred after that task was accomplished and while the operator was practicing driving in sand on an unpaved, dead end, private road. *Id.* at 136, 186 A.2d at 473. This Court affirmed because it was clear that the stepson was not the agent or servant of the owner at the time of the accident. The presumption of agency had been rebutted and "[t]he mere fact that the owner has given permission to the driver to use his car is not enough to make him liable." *Id.* at 137, 186 A.2d at 473–74. *See also Pollock v. Watts*, 142 Md. 403, 121 A. 238 (1923).

The plaintiff also introduced through Toscano's deposition, without objection by Toscano, Farmer's statement to Toscano that he and Breedlove, at the time of the accident, were in a hurry to get Farmer to work at the club in Georgetown. Through Toscano's deposition and without objection from Toscano, the plaintiff also read into evidence Toscano's testimony that Farmer told her that Breedlove's truck, in which he had come to Waldorf, had overheated and that Breedlove had said, " 'Let's take her car and get you to work.' " Inasmuch as neither Breedlove nor Farmer testified directly, either in

person or by deposition, the above-quoted evidence was the only proof describing the purpose of the automobile trip in the Thunderbird.

■ Whether Breedlove or Farmer was driving at the time of the accident is immaterial, inasmuch as the uncontradicted purpose of the trip was not for the benefit of Toscano. It was for the benefit of Farmer. Spriggs submits that driving Farmer to work benefits Toscano, but this Court does not recognize, even in the relationship of a birth parent and child, the so-called "family purpose doctrine." *Williams v. Wheeler,* 252 Md. at 81–82, 249 A.2d at 108; *Talbott v. Gegenheimer,* 245 Md. 186, 189, 225 A.2d 462, 464 (1967); *Slutter v. Homer,* 244 Md. 131, 140, 223 A.2d 141, 145 (1966); *Schneider v. Schneider,* 160 Md. at 21, 152 A. at 499; *Baitary v. Smith,* 140 Md. 437, 439, 116 A. 651, 652 (1922); *Pollock v. Watts,* 142 Md. at 406, 121 A. at 239; *Myers v. Shipley,* 140 Md. 380, 392, 116 A. 645, 650 (1922). *See also Whitelock v. Dennis,* 139 Md. 557, 116 A. 68 (1921).

There are a number of cases in our reports in which the use of the owner's vehicle uncontrovertedly was, or could be found to be, used with the permission of the owner, but in which the uncontradicted evidence of the purpose of that permitted use, as a matter of law, rebutted the presumption that the operator was the agent of the owner. Illustrative is *Tregellas v. American Oil Co.,* 231 Md. 95, 188 A.2d 691 (1963). There the vehicle was owned by the defendant-employer and operated with permission by its salesman-employee, but the accident occurred on a weekend when the salesman was on a trip to visit his parents. *Id.* at 98, 188 A.2d at 692. There was no contradictory evidence as to the trip's purpose, so that the presumption of agency was rebutted as a matter of law. *Id.* at 104, 188 A.2d at 695–96. *See also Butt v. Smith,* 148 Md. 340, 129 A. 352 (1925) (holding that the presence of the employer's products in the employer's truck being operated by the employee on a Sunday while not on company business did not create a jury issue with respect to agency).

A directed verdict in favor of the owner of a vehicle was affirmed in *Miller v. Shegogue*, 221 Md. 292, 157 A.2d 272 (1960), where the owner had left the vehicle with an independent garageman who was test driving the vehicle when the accident occurred. The same result was reached where the owner left the vehicle with the independent garageman so that the latter could sell it on the owner's behalf. *See Bell v. State ex rel. Tondi*, 153 Md. 333, 138 A. 227 (1927).

The presumption of agency was also conclusively rebutted where the owner's employee was involved in an accident while driving the owner's truck, but it was uncontradicted that the employee was proceeding to his home from a farewell party honoring one of the employer's managers. *Wells v. Hecht Bros. & Co.*, 155 Md. 618, 142 A. 258 (1928).

Here, the plaintiff's own evidence furnished the *only* explanation of the purpose of the trip. It was not for the benefit of Toscano, and there is no inference to the contrary. The presumption of agency was conclusively rebutted.

## II

The second issue presented by Toscano's petition complains about the factual assumption or conclusion in the opinion of the Court of Special Appeals that Breedlove was the negligent driver. As explained in Part I, resolution of that factual issue is not required to decide the instant case. Toscano's concern (*i.e.,* Toscano's insurer's concern) anticipates a claim by Spriggs that Breedlove was a permissive user who was covered for damages awarded in this case under the omnibus clause of Toscano's insurance policy. It may be that Toscano's insurer considers that its likelihood of being able to rebut the presumption of permissive use would be greater if it can be established that Farmer was the negligent driver, and that the insurer is concerned that the tactic will encounter an argument to the contrary based on the way in which the Court of Special Appeals wrote its opinion.

It is clear that Toscano's second issue is premature.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART. CASE REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT AFFIRMING THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT, HOPE SPRIGGS.*