ABRAHAM GUDELSKY, ET AL. *v.* JAMES
W. BOONE

[No. 77, October Term, 1941.]

*Decided January 13, 1942.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS and MARBURY, JJ.

*William R. Semans,* with whom were *Barton, Wilmer, Bramble, Addison & Semans* on the brief, for the appellants.

*J. Cookman Boyd, Jr.,* with whom were *Boyd & Boyd* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

The appellee, James W. Boone, sued for damages to his automobile and for personal injuries to himself caused by collision with a truck owned by the appellant. On this appeal from a judgment on a verdict for $700 in favor of the plaintiff, appellee here, the only question for decision is whether the trial court was correct in its refusal to withdraw the case from the jury.

The only testimony in the case is that of the appellee and the driver of appellants' truck.

The collision occurred at the intersection of the Belair Road and Parkside Drive in Baltimore City. Belair Road runs in a northerly and southerly direction and is intersected at right angles by Parkside Drive. At the intersection where the collision occurred Belair Road is marked with stop signs and there is an automatic traffic light at the intersection. It is conceded that this traffic light was in operation at the time of the accident. At this intersection, Belair Road is sixty-two feet five inches wide and Parkside Drive is twenty-four feet four inches in width. North and south bound car tracks are in the center of Belair Road each five feet eight inches wide and there is a space between the two tracks of six feet three inches. There is a distance of twenty-two feet five inches from the respective curb lines of Belair Road to the tracks.

The appellee testified that he was driving his automobile north on Belair Road on the right of the center of the road in the northbound car tracks, intending to turn

into Parkside Drive, and as he approached the intersection the traffic light was red, that there were two automobiles on Belair Road driving south, which stopped for the red light, and after the light turned green and the two machines on the south side had passed Parkside Drive, he looked north and saw appellants' truck coming south on Belair Road about 196 feet distant from him and he started to make a left-hand turn into Parkside Drive. He further stated that as he was crossing the southbound car tracks he looked again and appellants' truck was then half a block away, about 123 feet distance from him, and that he thought he had ample time to cross the remaining part of Belair Road and proceeded to do so. When he got near the curb on the west side of Belair Road he heard a crash and the next thing he knew he was out in Herring Run Park on the east side of Belair Road, a distance of about 120 feet from the place of the accident. He stated that the driver of appellants' truck came over to the car and asked him if he was hurt and they walked back to where the accident happened and the driver of appellants' truck said: "If I hadn't been going too fast, I wouldn't have hit you." He admitted on cross-examination that he knew when the green light went for north and south traffic that that would make a red light going across Belair Road into Parkside Drive. He further testified that his car at the time he was crossing into Parkside Drive was moving about ten miles an hour.

The driver of appellants' truck testified that he was driving a ton-and-a-half truck loaded with five tons of sand on it south on Belair Road not over twenty-five miles per hour and that he had been driving on this route for about five years, that Belair Road at that point is all down grade, that there were some cars ahead of him which were stopped at the red light, that before he got to the red light it had just turned green and the cars in front proceeded across the intersection and he continued right on behind them because he had the green light in his

favor. He further said that appellee's car was coming north and had not reached the intersection and just as his truck was about fifteen or twenty feet from the intersection and appellee's car was thirty feet from the intersection, that appellee drove his car catercornered across the intersection and made him duck into Parkside Drive, that the middle of his radiator hit the lamp post on the southwest corner at Belair Road and Parkside Drive, and hit appellee's car on the right-hand front. He denied that he told appellee that if he hadn't been going so fast that he would not have hit him.

That part of Section 235 of Article 56, Code, 1939, containing what is commonly known as the Boulevard Law, does not apply in the instant case, as it is specifically provided therein that it does not apply when traffic at such marked intersection is controlled by traffic signals.

To grant the demurrer prayers, it would have been necessary for the trial judge to rule as a matter of law that Boone, the appellee, was guilty of contributory negligance. This court said in the case of *Friedman v. Hendler Creamery Co.*, 158 Md. 131, at page 147, 148 A. 426, at page 433: "To repeat the formula so often announced and so generally accepted that it has become axiomatic, 'to establish contributory negligence as a matter of law, the act relied on must be distinct, prominent, and decisive, and one about which ordinary minds cannot differ.' *Maryland Ice Cream Co. v. Woodburn*, 133 Md. 295, 298; *Carter's Digest*, Secs. 221-255d. And in dealing with the question as to whether upon all the evidence the plaintiff was as a matter of law guilty of negligence contributing to the accident of which she complains, the truth of all evidence tending to support her claim and exclude that hypothesis must be assumed." *Chesapeake & Potomac Tel Co. v. Merriken*, 147 Md. 572, 128 A. 277, 41 *A. L. R.* 763; *Tri-State Engineering Co. v. Graham*, 158 Md. 328, 148 A. 439; *Porter v. Greenbrier Quarry Co.*, 161 Md. 34, 37, 155 A. 428; *Storrs v. Hink*, 167 Md. 194, 173 A. 66; *Reed v. Mayor of Balti-*

*more,* 171 Md. 115, 123, 124, 188 A. 15; *Pitcher v. Daugherty,* 177 Md. 145, 149, 8 A. 2d 917; *Gwynn Oak Park v. Becker,* 177 Md. 528, 10 A. 2d 625; *Dashiell v. Moore,* 177 Md. 657, 670, 11 A 2d 640.

Appellee in his testimony admitted that he crossed the intersection when appellants' heavy truck was only about 123 feet to his right. Although both vehicles were on the boulevard when appellee's car made the left turn through the green light, which was not forbidden, there is no doubt that the appellants' truck in driving straight through the green light was in the favored position and had the right of way, and the driver of that truck was the favored driver and appellee was the unfavored driver. Judge Sloan said in the case of *Askin v. Long,* 176 Md. 545, at page 552, 6 A. 2d 246, at page 249, when speaking of a collision at an intersection where there were no traffic lights or boulevard stop signs and where the defendant's car had the right of way: "According to the rule as to vehicles approaching an intersection from right or left, the plaintiff was the unfavored, the defendant the favored driver. The rule was designed to prevent collisions and accidents. When there is a collision at such a place, and the unfavored driver sues he must not only show such negligence on the part of the defendant, without which the accident would not have happened, but that he also was careful and cautious. His care and caution must be determined by the facts, and not by the mere assertion that he was careful, but by what he did to guard against and prevent collision with favored traffic. Our conclusion from the record is that the plaintiff was not without blame, and that his carelessness and obliviousness of what was going on at the intersection were contributing causes, and that the defendants' prayer for a directed verdict on the ground of contributory negligence should have been granted * * *" *Chiswell v. Nichols,* 137 Md. 291, 306, 112 A. 363; *Warner v. Markoe,* 171 Md. 351, 189 A. 260.

270

If it is found that the appellants' driver was negligent in the rate of speed at which he drove the truck, that fact alone does not, of course, answer the question of liability. That negligence must have been the cause of the collision. *Taxicab Co. v. Hamburger,* 146 Md. 122, 125 A. 914; *United Rwys. & Elec. Co. v. Perkins,* 152 Md. 105, 110, 136 A. 50; *Slaysman v. Gerst,* 159 Md. 292, 299, 150 A. 728; *Philadelphia, W. & B. R. Co. v. Stebbing,* 62 Md. 504, 516; *Sun Cab Co. v. Faulkner,* 163 Md. 477, at page 479, 163 A. 194; *Monumental Motor Tours v. Becker,* 165 Md. 32, 34, 166 A. 434; *Warner v. Markoe, supra.* The primary cause of the collision was the violation of the right of way of appellants' heavy truck by the appellee. The defendants' prayer for a directed verdict on the ground of contributory negligence should have been granted. For this reason the judgment should be reversed.

*Judgment reversed with costs without a new trial.*