## FORD *v.* BALTIMORE TRANSIT COMPANY
[No. 56, October Term, 1951.]

*Decided January 9, 1952.*

26

The cause was argued before MARBURY, C. J., and and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Eugene A. Alexander, III,* with whom was *Frank F. J. Dailey* on the brief, for the appellant.

*Benjamin C. Howard,* with whom was *Hamilton O'Dunne* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from the action of the trial court in granting a motion for judgment N. O. V. after the jury had returned a verdict for the appellant for personal injuries and property damage sustained in a collision between a streetcar and an automobile.

The appellant was driving his automobile north on Harford Road in the traffic lane nearest to the center. When he was half a block from Erdman Avenue he saw a streetcar coming south on Harford Road over a rise some distance north of Erdman Avenue. Harford Road is fifty feet wide, Erdman Avenue is thirty feet wide, intersecting Harford Road on the east, but not continuing through on the west. North of Erdman Avenue the streetcar tracks are in the center of Harford Road, but begin to curve to the east about one hundred feet north of the intersection. At the north curb line of Erdman Avenue all four tracks are to the east of the center of Harford Road. From this point, they continue on and across the east side of Harford Road onto a private right of way, with T-rail construction, lying between Harford Road and Clifton Park. The point where they leave Harford Road is about 150 feet south of Erdman Avenue. There is a traffic control signal at the intersection.

The appellant testified that he had the light green and was almost across Erdman Avenue when the left side of his automobile was struck by the left front corner of the streetcar. He was thoroughly familiar with the intersection and the location of the tracks. He admitted that he did not see the streetcar after he first observed it well north of the intersection, at which time he was half a block away. When he looked again he was on the tracks and the streetcar was only twenty feet away. He contends that he had the right-of-way, that the motorman was at fault in making a "left turn", and that he was entitled to assume that the motorman would stop and permit him to cross.

The appellant relies upon Section 141, Article 66½ of the Code (1947 Supp.), which provides that vehicles facing a green light may proceed "straight through", and that "all vehicles shall yield the right-of-way to other vehicles * * * lawfully within the intersection at the time such signal is exhibited." Subsection (e) of Section 141 provides that "the operator of any street car or trackless trolley shall obey the above signals as applicable to vehicles." The difficulty is, however, that there is no testimony that the motorman entered the intersection on a red ight, or otherwise disobeyed the signal. *Eisenhower v. Baltimore Transit Co.*, 190 Md. 528, 533, 59 A. 2d 313. Nor does the evidence disclose that the automobile was in the intersection when the streetcar entered it. Both proceeded on the green light and neither came to a stop before entering. The appellant testified he was driving at a speed of between twenty and twenty-five miles per hour. The motorman testified that he was operating his streetcar at a speed of between five and seven miles per hour; that the automobile was being driven at about thirty-five miles per hour when it came on the tracks.

The appellant relies strongly upon the cases of *Cogswell v. Frazier*, 183 Md. 654, 39 A. 2d 815, and *Gudelsky v. Boone*, 180 Md. 265, 23 A. 2d 694. Both of these cases involved collisions between an automobile pro-

ceeding on a green light and another automobile making a left turn at the intersection. It was held that the vehicle making the turn was required to yield the right-of-way, since in turning it would necessarily have the red light against it. In the instant case the streetcar was not turning into Erdman Avenue. The location of the tracks was such that the streetcar was already in the northbound center lane before it reached the intersection, and the automobile was already on the tracks before it reached the intersection. Under the circumstances it must have been obvious to anyone who was keeping a lookout that a head-on collision would occur if both vehicles proceeded at the same rate of speed. This danger was inherent in the situation, and was in no way alleviated by the traffic signal controlling the movement into or out of Erdman Avenue. We think the cases cited are distinguishable, and the trial court was correct in ruling that neither party was relieved of the duty to use due care under the circumstances.

We think the case is governed by the rule, laid down in a long line of decisions, that the driver of an automobile has an imperative duty to look before driving onto streetcar tracks. *Campbell & Sons v. United Railways,* 160 Md. 647, 154 A. 552; *National Hauling Contractors Co. v. Baltimore Transit Co.,* 185 Md. 158, 44 A. 2d 450; *Crawford v. Baltimore Transit Co.,* 190 Md. 381, 58 A. 2d 680; *Rumbley v. Baltimore Transit Co.,* 194 Md. 164, 69 A. 2d 805; *Baltimore Transit Co. v. Revere Copper & Brass Co.,* 194 Md. 611, 72 A. 2d 4; *Bearings Service Co. v. Baltimore Transit Co.,* 197 Md. 1, 77 A. 2d 779; *Downey v. Baltimore Transit Co.,* 197 Md. 245, 78 A. 2d 666. In failing to look at the point of danger the appellant was guilty of contributory negligence as a matter of law.

*Judgment affirmed, with costs.*