SCHMIDT *v.* GREYHOUND CORP., INC., ET AL.

[No. 147, September Term, 1961.]

*Decided February 26, 1962.*

The cause was submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Frank P. Flury* for appellant.

*Wilbert McInerney,* with whom was *John S. McInerney* on the brief, for Greyhound Corp., Inc., and Eastern Greyhound Lines, part of appellees.

*Lansdale G. Sasscer, Jr.,* with whom was *Sasscer, Clagett & Powers* on the brief, for John E. Harrell, other appellee.

PER CURIAM.

This appeal is taken from a directed verdict for the defendants in a negligence suit arising out of an accident in which the plaintiff, Schmidt, was struck and injured by the defendant Harrell's automobile as he was walking across a highway in Prince George's County, the trial judge finding that Schmidt was contributorily negligent as a matter of law.

The plaintiff produced only two witnesses—himself and the investigating police officer. Schmidt's testimony was that he was on a Greyhound bus eastbound from Washington to Annapolis; that the bus stopped near Lanham, on the right hand side of the eastbound lane of Route 50 (a two-lane road thirty-two feet wide at that point), to discharge some passengers; and that Schmidt then asked the driver if he could go across the street to a rest room to answer an imperative call of nature. The driver told Schmidt to "Make it snappy." Schmidt got off the bus and walked rapidly along the right hand shoulder of the road to the left front corner of the bus. He says he stopped there and looked both ways to see if any traffic was

coming but saw no approaching vehicles. He then proceeded to the double white center-line of the road, where again he stopped and looked both ways; he still saw no approaching vehicles. He continued for a step or two more, when the right front side of Harrell's car, which was coming from the west, ended his progress.

It is clear from the testimony of both witnesses that the left rear of the bus projected into the road and partially blocked the eastbound lane. For that reason, Schmidt's line of vision toward the west—and toward Harrell's approaching car—was obscured until he walked out into the road for at least a few feet. However, Schmidt was aware of this, or should have been, and he was therefore under a continuing duty to watch to his left for vehicles coming around the bus. As we said in *Henderson v. Brown,* 214 Md. 463, 472, a case we deem controlling here, "The appellant is thus left in the situation of one who either did not look when he should have, or did not see when he did look, and this, therefore, requires the finding that he was contributorily negligent as a matter of law." See also *Campbell v. Jenifer,* 222 Md. 106, 111-112; *Love v. State, Use of Nelson,* 217 Md. 290, 297-298.

*Judgment affirmed, with costs.*