SHANAHAN *v.* SULLIVAN

[No. 295, September Term, 1962.]

*Decided June 10, 1963.*

The cause was first argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ., and reargued before the full Court.

*Phillips L. Goldsborough, III* (on both arguments), with whom were *James B. Lyons, Jr.,* and *Smith, Somerville & Case* on the brief, for the appellant.

*Jerome A. Dashner* (on both arguments), with whom were *Dashner & Cannizzaro* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment entered upon a jury verdict obtained by Jeanette E. Sullivan against William B. Shanahan for personal injuries sustained in an automobile collision. At the time of the collision Mrs. Sullivan was making a left hand turn into her private driveway after proceeding north on Harford Road, a boulevard highway in Baltimore County. Shanahan was proceeding south on Harford Road, which is 22 feet wide. Mrs. Sullivan testified that she came to a stop before making the turn, put on her turning lights, and waited for a southbound automobile to pass. Another automobile stopped behind her. She looked north, but saw no other vehicles approaching. She did not look again. She turned in low gear and the front of her car was in the driveway and beyond the 9 foot shoulder when the impact occurred. She felt a terrific impact, turned to her right and saw a flash of light. She also testified if there had been any headlights "there" she would have seen them.

It was shown that the driveway was approximately at the crest of a slight hill and the next hill crest to the north was about 1100 feet away. Shanahan testified he was driving ahead of another car driven by a friend, Kalbskopf. He passed a third car at about the bottom of the hill. He had his lights on,

as did the other cars. As he approached the crest, the Sullivan car suddenly pulled over and blocked his southbound lane, when he was about 20 feet away. He put on his brakes and tried to turn to the left, but was unable to avoid the collision. The right front of his car struck the right side of the Sullivan car at about the front door of the latter. Photographs corroborated this. Moreover, a police officer testified to fresh skidmarks in the southbound lane starting about 20 feet north of the entrance to the driveway. The trial judge struck out this testimony, over objection, on the ground that it had not been sufficiently shown that the skidmarks were made by the Shanahan car.

Kalbskopf testified he was driving behind Shanahan, and saw Shanahan pass a car at about the foot of the hill. He saw a car cut in front of him at the crest. He testified that everyone's lights were on. He saw Shanahan's brakelights go on, just before the impact.

The appellant contends that the trial court erred in striking the testimony as to skidmarks, and in failing to sustain an objection to a statement of plaintiff's counsel, in his closing argument to the jury, that the defendant was "drag racing", when in fact there was no evidence of such a thing. The appellant also contends that the court erred in refusing to instruct the jury that the defendant's speed of about 40 miles per hour in a 30 mile zone was not a proximate cause of the collision under the circumstances, where the plaintiff failed to yield the right of way. Cf. *Meldrum v. Kellam Distr. Co.*, 211 Md. 504, 510. But the main contention, and the only one we need consider in the view we take of the case, is that there was no legally sufficient evidence to submit the case to the jury, on the theory that the defendant was driving without lights.

We think the instant case is controlled by *Henderson v. Brown*, 214 Md. 463, and the long line of cases there cited. It is conceded that the defendant had the right of way. Cf. Code (1957), Art. 66½, sec. 232. The plaintiff's testimony is mere negative evidence, as against the positive testimony of the defendant and the only other eye-witness, Mr. Kalbskopf, that the defendant's lights were on. The probative value of the

plaintiff's testimony is too slight to support her conclusion. Not only is it undermined by the conflicting testimony of the eye-witness, that there were three cars in front of her all with their lights on (which, of course, would not be controlling), but by the incredibility of all three cars being driven without lights, by her inability to see any of them with the aid of her own headlights and the street lights, and by the fact that her testimony that she was completely on the shoulder with the front of her car in the driveway, is contradicted by the physical facts. Of course, if the defendant's lights were on, and she simply failed to see his approaching car, she would be guilty of contributory negligence as a matter of law, in failing to yield the right of way, even if his speed could be considered as a contributing cause. There was no basis for a theory of a last clear chance.

As we said in *Henderson v. Brown, supra,* (p. 472), "The appellant is thus left in the situation of one who either did not look when he should have, or did not see when he did look, and this, therefore, requires the finding that he was contributorily negligent as a matter of law." See also *West. Md. Rwy. Co. v. Myers,* 163 Md. 534, 537; *Gosnell v. B. & O. R. R. Co.,* 189 Md. 677, 686, distinguishing *Krause v. B. & O. R. R. Co.,* 183 Md. 664; *Love v. State, Use of Nelson,* 217 Md. 290, 297; *Sears v. B. and O. Railroad,* 219 Md. 118, 123; *Campbell v. Jenifer,* 222 Md. 106, 111; *Schmidt v. Greyhound Corp.,* 228 Md. 15, 17; and *U. S. F. & G. Co. v. Royer,* 230 Md. 50, 54. The appellant seeks to distinguish the *Henderson* case on the ground that there the plaintiff did not testify that there were no lights, but merely that he did not see any. We think the distinction is untenable. The testimony of Mrs. Sullivan that if there had been any headlights on the car driven by Mr. Shanahan she would have seen them is simply argumentative and a conclusion. She saw neither the car nor the lights of other cars. It would be pure speculation to permit the jury to find from this testimony that the headlights were not lit, in face of positive testimony that they were.

> *Judgment reversed and entered for the defendant, costs to be paid by the appellee.*