## BAKER *v.* BAKER

[No. 363, September Term, 1964.]

*Decided June 28, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, SYBERT and BARNES, JJ.

*Milton I. Vogelhut* and *Robert J. Thieblot* for appellant.

*Edward Pierson,* with whom was *John S. Collins* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by Robert Baker, one of the defendants below, from a judgment entered upon a jury's verdict in the Baltimore City Court in favor of his brother, Donald E. Baker, plaintiff below and appellee here. The verdict was also against Edward James Coates and Paper Coating and Converting Company, Inc., co-defendants. The latter two defendants appealed but dismissed their appeals. Robert Baker's appeal is founded upon the failure of the trial court to direct a verdict in his favor upon application seasonably made at the close of the plaintiff's case and renewed at the close of all the evidence, and upon motion for judgment n.o.v. or for a new trial as subsequently made; and upon the failure of the trial court to instruct the jury that there was no legally sufficient evidence in the case that the appellant was operating his vehicle while under the influence of intoxicating liquor immediately before the accident for which suit was brought.

Robert Baker was driving his car in an easterly direction on Central Avenue in the Seat Pleasant area of Prince George's County, approaching its intersection with 86th Avenue. This intersection is in the form of a "T", with Central Avenue the head and 86th Avenue the shaft of the "T". Traffic entering Central Avenue from 86th Avenue is controlled by a stop sign. A hill on Central Avenue is 171 feet west of the intersection. Central Avenue at the time of the accident was blacktop macadam, with one lane in each direction, and had a posted speed limit of fifty miles per hour. The accident occurred in the early afternoon of March 25, 1960, on a clear and sunny day. Passengers in the car were Kathryn Dancha, sitting next to the driver, and appellee to her right.

Appellant testified that as he came over the crest of the hill he saw a truck, operated by the defendant Coates. It displayed no turn signals, but approximately seventy-five or eighty feet from the intersection the truck made a left turn into 86th Avenue in front of him blocking his entire lane of travel. He applied the brakes, turned the car to the left, shouted to his brother whom he grabbed by the shoulder and pulled down on the seat. The point of impact between the two vehicles was the

right rear of the truck and the right side of appellant's car. He stated that he was familiar with the intersection since he had lived in the area prior to the time of the accident.

Coates, the driver of the truck, testified that before beginning his turn into 86th Avenue he brought his truck to a standstill, with the turn signals on, at which time he did not see any traffic approaching from the west on Central Avenue. He then began his turn, proceeded a distance of five feet when he again looked west and still did not see any traffic approaching. Coates described his truck as being a two and one-half ton, van type model, about seven feet wide and twenty-five feet long.

Donald Baker's testimony was not consistent. At one time he said that when he first saw the truck, it was about one-quarter of the way across the road; at another time, that when he first saw it, it was entirely in its lane; and at still another, that he vaguely remembered seeing it in its lane and then saw it turn. Kathryn Dancha, now appellant's wife, was also inconsistent as to the position of the truck in the intersection.

The record indicates that the Baker brothers each had two beers some time before the accident. The investigating officer noted that appellant had been drinking but did not charge him with driving under the influence of intoxicating liquor. After the accident, Kathryn Dancha threw a pint bottle of whiskey out of the car.

The appellant contends that his motion for a directed verdict should have been granted since there was insufficient evidence to go to the jury on any issue of his negligence; and that the trial court committed prejudicial error in refusing to instruct the jury that he was not under the influence of intoxicating liquor at the time of the accident.

We do not agree with the appellant's first contention. The trial court instructed the jury in the language of the Code (1957), Article 66½, Section 211 (a) and (e), that no person shall drive a vehicle on a highway at a greater speed than is reasonable and prudent under the circumstances then existing; and that the fact that the speed of a vehicle is lower than the prescribed limit does not relieve the driver from the duty to decrease speed when approaching a hill crest. He also instructed the jury that speed shall be decreased as may be necessary

to avoid colliding with any person or vehicle on or entering the highway in compliance with the duty of all persons to use reasonable care. The issue presented here is whether appellant's violation of these statutory provisions was the sole or a contributing cause of the ensuing accident, and whether there was some negligence attributable to him which contributed to the accident and appellee's injuries.

The evidence was conflicting and contradictory as to many of the material facts, and there were inferences which might be drawn from these facts, such as how far the truck had turned before it was first seen by the appellant; whether Baker could have turned to the left and crossed in the rear of the truck and thus have avoided the accident; whether the appellant was traveling at a reasonable speed preceding the accident under the circumstances presented; whether the truck was displaying a left turn signal; whether the appellant, familiar with the intersection, could reasonably have been expected to anticipate a vehicle making a turn at the intersection; and the effect of the appellant's alcohol consumption prior to the accident. These were issues having to do with the question whether any negligence of the appellant was a proximate cause of the accident, which only the jury could answer. *Tates v. Toney,* 231 Md. 9, 188 A. 2d 283; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504; 128 A. 2d 400. The trial judge was correct in permitting the evidence to go to the jury on the issue of appellant's negligence.

The appellant's second contention is without merit. The officer investigating the accident noted that the appellant had been drinking. The record shows that the brothers admitted drinking two beers prior to the accident. It was within the province of the jury to determine whether appellant was actually under the influence of intoxicating liquor and whether this contributed to the accident. We find no error on the part of the trial judge in declining to instruct the jury that appellant was not under the influence of intoxicating liquor at the time the accident occurred.

*Judgment affirmed, appellant to pay*
*the costs.*