# TALBOTT *v.* GEGENHEIMER AND HIGGINS

[No. 549, September Term, 1965.]

*Decided January 11, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*William F. Hickey* for appellant.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for Harold G. Gegenheimer, one of appellees; *James T. Wharton,* with whom were *McCarthy & Wharton* on the brief, for Marguerite Higgins, other appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from the judgment entered upon the granting of motions for directed verdicts at the close of all of the evidence by Judge Ralph G. Shure of the Circuit Court for Montgomery County in favor of Harold G. Gegenheimer and Marguerite Higgins, defendants. Appellant, Hilda V. Talbott,

was injured as the result of a collision on May 13, 1960, between the automobile owned solely by Harold G. Gegenheimer and driven by his wife, Mary E. Gegenheimer, and the automobile driven by Marguerite Higgins in which appellant was riding as a guest passenger. The Higgins vehicle was traveling east on Knowles Avenue, a two-lane road in Kensington, Montgomery County. The Gegenheimer automobile was proceeding in a westerly direction on Knowles Avenue; and when it turned left into Parkwood Drive to proceed down Parkwood Drive, which intersected Knowles Avenue, the collision occurred. There was no traffic control device for either driver proceeding on Knowles Avenue. Mrs. Gegenheimer testified that before she made the left turn onto Parkwood Drive she thought that she had switched on her left turn indicator, but she could not say with certainty that she had. She also testified that she slowed the speed of the car to fifteen miles per hour and that she did not stop her car before making the turn. She stated that she saw an eastbound bus and knew that she could complete her turn before the bus entered the intersection, but she did not notice the Higgins car which was in front of the bus. As she entered the intersection she saw the Higgins car and stopped. The collision occurred between the right front fender of the Gegenheimer automobile and the front of the Higgins vehicle in the eastbound lane of Knowles Avenue at the intersection of Parkwood at about 6 p.m. on a clear day.

Appellant presented her complete case, inclusive of medical testimony; and the appellees presented testimony as to the liability question only, but reserved the right to present medical testimony dependent upon a determination by the court of motions for directed verdicts, which the court granted.

The sole issues in the case relate to liability. There is no dispute as to the ownership of the Gegenheimer automobile being solely in Harold G. Gegenheimer, and that Mrs. Gegenheimer had his permission to use the vehicle on the day of the collision. Mrs. Gegenheimer was not a party to the suit because, through some inadvertence, she was not included as a defendant until after the statutory period of limitations had run. The appellant attempted to join her by a motion to amend the pleadings, but that motion was denied. We affirmed the denial of the

motion in a separate appeal. See *Talbott v. Gegenheimer*, 237 Md. 62, 205 A. 2d 285.

Appellant contends that Mr. Gegenheimer is liable for the alleged negligence of his wife because she, in using his automobile in order to purchase things which he as her husband had the duty to supply, was carrying out a family purpose or was his agent or servant.

We have refused to follow the "family purpose" doctrine which holds liable the head of a family who maintains a motor vehicle for the general use, pleasure, and convenience of the family, for the negligence of a member of the family having general authority to drive it while the vehicle is so used. *Slutter v. Homer*, 244 Md. 131, 223 A. 2d 141; *Myers v. Shipley*, 140 Md. 380, 116 Atl. 645, 20 A.L.R. 1460. Since the husband is not liable for torts committed by his wife out of his presence, without his participation or sanction, Code (1957), Article 45, Section 5, we must apply the general rule that an owner of an automobile is not liable for his wife's negligence in the use of the automobile unless she is acting as his servant or agent. See *Schneider v. Schneider*, 160 Md. 18, 152 Atl. 498; *Myers v. Shipley, supra; Whitelock v. Dennis*, 139 Md. 557, 116 Atl. 68.

On the day of the accident, Mary E. Gegenheimer took the automobile owned by her husband which he generally used for transportation to and from work. She had general authority to use the car whenever she so desired. When she left home, she indicated to her husband that she was going to a store to look for buttons or material for use in a dress she was making for herself. After leaving, she detoured from her route of travel to the store and went to a friend's house, which was in a different direction from the store, to get her friend's opinion as to the color of buttons she should purchase. Before she arrived at her friend's house, she stopped at a service station and purchased a dollar's worth of gasoline. Thereafter, before arriving at her friend's home, the collision with the Higgins automobile occurred.

There is nothing in the record to show that the husband directed his wife to purchase the articles necessary for her dress or that he had instructed her to purchase gasoline for his car.

Her use of the car was for her own purpose, and the purchase of the small amount of gasoline was done so as to enable her to carry out her purposes. The mere fact that the wife was on a trip to purchase things of a nature which it is the husband's duty to supply the wife, does not impose liability upon the husband. *Arndt v. Brockhausen,* 126 Pa. Super. 269, 191 Atl. 362 (1937). See Restatement (Second), *Agency,* Section 238, comment c. The court below did not err in granting the motion directing a verdict in favor of Mr. Gegenheimer at the close of all of the evidence.

The remaining issue is whether there was legally sufficient evidence to take the case to the jury on the question of negligence on the part of Mrs. Higgins.

Mrs. Gegenheimer, who intended to make a left turn within the intersection, had the duty to give a turn signal, Code (1957), Article 66½, Section 228, and to yield the right-of-way to any vehicle approaching from the opposite direction which was within the intersection or so close thereto as to constitute an immediate hazard. Code (1957), Article 66½, Section 232. It was uncontradicted that Mrs. Gegenheimer approached the intersection at fifteen miles per hour; that she did not stop before making her turn; that she did not see the Higgins car, which was clearly visible, before she turned; and that she could not say with certainty that she used her left turn signal. Mrs. Gegenheimer's testimony established the nearness of the Higgins automobile to the intersection. She placed the oncoming bus, which she saw, four car lengths from her before she made her turn and stated that she did not see the Higgins automobile which was in front of the bus. Mrs. Higgins' automobile, if it was not already within the intersection, was so close thereto as to constitute an immediate hazard; therefore she was the favored driver, and Mrs. Gegenheimer was the unfavored driver who was negligent in failing to yield the right-of-way. *Shanahan v. Sullivan,* 231 Md. 580, 191 A. 2d 564; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 128 A. 2d 400; *Gudelsky v. Boone,* 180 Md. 265, 23 A. 2d 694; *Durham v. United States,* 174 F. Supp. 410 (D. Md. 1959).

Mrs. Higgins approached the intersection at about twenty-five miles per hour. There was no evidence relative to a posted

speed limit or of the conditions of the surrounding area. Nor was there sufficient evidence to establish a lack of attention on the part of Mrs. Higgins. When she saw the Gegenheimer car suddenly turn in front of her she applied her brakes. There was no evidence upon which a jury could have done anything other than speculate upon whether a speed of twenty-five miles per hour was reasonable and prudent under the circumstances or whether Mrs. Higgins' rate of travel caused the accident. *Md. Chemical v. Monn*, 241 Md. 127, 215 A. 2d 731; *Fowler v. Smith*, 240 Md. 240, 213 A. 2d 549; *Gudelsky v. Boone, supra.*

The testimony of both Mrs. Higgins and the appellant was that the Gegenheimer car cut suddenly in front of them. The Higgins automobile, which was in front of the bus, was approximately two car lengths from the intersection when Mrs. Gegenheimer started to turn. Mrs. Gegenheimer stated that if she had seen the Higgins vehicle she would not have attempted to turn at that time. She could not say for certain whether she had switched on her turn indicator. Appellant and Mrs. Higgins testified that they saw no turn signal. Even if Mrs. Gegenheimer's left turn signal had been turned on, the failure of Mrs. Higgins to see it can hardly establish a causal connection, when, if she had seen the turn signal, she could have properly assumed that Mrs. Gegenheimer would stop and yield the right-of-way as required by the statute. Moreover, there was nothing to show that there was any reason, which was known or which should have been known in the exercise of reasonable care, for Mrs. Higgins to anticipate the failure of Mrs. Gegenheimer to yield the right-of-way, or that Mrs. Higgins, in light of the suddenness of the Gegenheimer turn when the Higgins vehicle was within the intersection or so close thereto as to constitute an immediate hazard, could have avoided the collision. Compare *Baker v. Baker*, 239 Md. 351, 211 A. 2d 320; *Tates v. Toney*, 231 Md. 9, 188 A. 2d 283; *Durham v. United States, supra.* Knowles Avenue consists of east and west lanes and was moderately to heavily traveled at the time of the accident. There was nothing in the evidence to indicate that Mrs. Higgins could have stopped in time or that she had any other reasonable opportunity to avoid the accident. *Meldrum v. Kellam Distr. Co., supra.* A reasonable man would not doubt that Mrs. Higgins

was free of any primary or concurrent negligence and that the failure of Mrs. Gegenheimer to yield the right-of-way to the Higgins automobile was the sole and proximate cause of appellant's injuries. Since we have held that there was no sufficient evidence to demonstrate that Mrs. Higgins was primarily or concurrently negligent, we need not consider the contention of appellant in her brief and oral argument before us that the doctrine of last clear chance was available to her as guest passenger who was not contributorily negligent.

The court below did not err in its finding that there was not legally sufficient evidence to take the question of Mrs. Higgins' liability to the jury, thus we affirm its granting of the appellee Higgins' motion for directed verdict at the close of all of the evidence.

*Judgment affirmed, costs to be paid by appellant.*