BENNETT, ET VIR *v.* BASS

[No. 667, September Term, 1966.]

*Decided December 8, 1967.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Joseph F. Lentz, Jr.,* with whom were *Monfred & Lentz* on the brief, for appellants.

*Edward C. Mackie,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

Appellant Blanche Bennett suffered personal injuries when the car in which she was a passenger attempted a left turn at a traffic-controlled intersection and was struck by an oncoming vehicle driven by appellee Bass. Appellant brought suit against the drivers of both vehicles for damages. At the conclusion of the plaintiffs' case, the lower court granted defendant Bass's motion for a directed verdict on the basis that the evidence was not legally sufficient to permit a jury finding of negligent operation of his vehicle. We affirm the court below.

Mrs. Bennett was a passenger in the right-front seat of a vehicle operated by her daughter, Elizabeth Ellis (a named defendant below, but not party to the appeal). The Ellis vehicle was traveling westbound on Eastern Boulevard, a four-lane thoroughfare separated by a concrete divider. At its intersection with Riverside Drive, Eastern Boulevard becomes six lanes wide, the innermost lane of each direction used for left turns. Mrs. Ellis reached Riverside Drive and, the light being green for both east and westbound traffic, proceeded to make a left turn into Riverside Drive. At that time, however, her view of eastbound traffic was partially obstructed by a large truck in the eastbound left-turn lane, apparently waiting for a left turn arrow. Mrs. Ellis decelerated but did not come to a complete stop before commencing to cross the through lanes of eastbound traffic. It was then that she first noticed appellee's vehicle traveling in the center lane of eastbound traffic.

Appellee testified that he had been driving eastbound on Eastern Boulevard at "approximately thirty miles an hour, the speed limit," for some distance before the accident. As he approached Riverside Drive, he was unable to see part of the intersection including oncoming westbound traffic because of the truck on his left waiting for the left-turn light. When he was no more than two or three car lengths from the intersection appellee first saw the Ellis vehicle enter his lane of traffic. Mrs. Ellis attempted to accelerate so as to avoid Bass, and Bass applied his brakes but could neither turn left because of the stationary truck nor right because that was the direction in which the Ellis car was heading. The front of Bass's vehicle struck the right side of the Ellis vehicle.

The appellants attempt to make out a case by placing the driver of the vehicle in which Mrs. Bennett was a passenger (the Ellis car) lawfully within the intersection when the appellee entered on the green light, thus endeavoring to bring her case within the rule of *Baltimore Transit Co. v. Presberry,* 233 Md. 303, 196 A. 2d 717 (1964) and *Valench v. Belle Isle Cab Co.,* 196 Md. 118, 75 A. 2d 97 (1950). See also Md. Ann. Code, Art. 66½, § 193 (1957); Note, 13 Md. L. Rev. 350 (1953). However, the facts of the case do not lend themselves to the application of the rule that one who lawfully enters the intersection with a green light, and the light changes while he is lawfully within the intersection, may continue on through as the favored vehicle.

This case does not present the situation of a vehicle already within the intersection when the signal changes from green to red. Here the drivers of both vehicles were responding to the same green light and the driver of the vehicle in which Mrs. Bennett was riding, by making a left turn against the green light and across the path of oncoming traffic, passed from a favored vehicle to an unfavored one; while the appellee's vehicle, proceeding straight ahead into the intersection with the green light, continued as a favored vehicle.

We think that the facts of this case place it within the teeth of the Md. Ann. Code, Art. 66½, § 232 (1957), which provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

The case of *Talbott v. Gegenheimer,* 245 Md. 186, 225 A. 2d 462 (1967), presents a factual situation parallel to the case at bar. There was no traffic signal involved in *Talbott,* however we do not think that the absence of the signal renders it less apposite because in *Talbott,* as in the instant case, both drivers were initially on equal footing entering the intersection. In *Talbott* the plaintiff was a passenger in a vehicle traveling east on Knowles Avenue, a two-lane highway in Montgomery County and the defendant was driving her car westerly on Knowles Avenue. The westbound vehicle turned left at the intersection of Parkwood Drive and Knowles Avenue, intending to proceed down Parkwood Drive, when the collision occurred. The opinion of the Court, written by Judge Marbury, states:

"She (Mrs. Gegenheimer, operator of the left turning vehicle) placed the oncoming bus, which she saw, four car lengths from her before she made her turn and stated that she did not see the Higgins automobile which was in front of the bus. Mrs. Higgins' automobile, if it was not already within the intersection, was so close thereto as to constitute an immediate hazard; therefore she was the favored driver, and Mrs. Gegenheimer was the unfavored driver who was negligent in failing to yield the right-of-way. *Shanahan v. Sullivan,* 231 Md. 580, 191 A. 2d 564; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 128 A. 2d 400; *Gudelsky v. Boone,* 180 Md. 265, 23 A. 2d 694; *Durham v. United States,* 174 F. Supp. 410 (D. Md. 1959)." Id. at 190, 225 A. 2d at 465.

"* * *. Moreover, there was nothing to show that there was any reason, which was known or which should have been known in the exercise of reasonable care, for Mrs. Higgins to anticipate the failure of Mrs. Gegenheimer to yield the right-of-way, or that Mrs.

Higgins, in light of the suddenness of the Gegen-
heimer turn when the Higgins vehicle was within the
intersection or so close thereto as to constitute an im-
mediate hazard, could have avoided the collision." *Id.*
at 191, 225 A. 2d at 466.

In order for us to affirm the lower court which resolved the
case in the appellee's favor, it is unnecessary for us to consider
his contention that the Boulevard Rule should apply. Unques-
tionably, the instant case has some overtones found in those
cases wherein the Boulevard Rule is applicable. However, it
does not present the classic situation of intersection intrusion
by the unfavored vehicle into the path of the favored vehicle
wherein the Boulevard Rule comes into play. See, *e.g., Thomp-
son v. Terry,* 245 Md. 480, 226 A. 2d 540 (1967).

The record fails to reveal any evidence of excessive speed.
Although it is true that appellee's vision, like that of Mrs. El-
lis, was obstructed by the large truck standing in the eastbound
left-turn lane of Eastern Avenue, the light had been green for
some time and the appellee had the right to assume that an-
other vehicle would not unexpectedly pull into his course of
travel. The situation is therefore distinguishable from *Valench,
supra,* where the light had just turned green and the defen-
dant proceeded blindly into the intersection while a streetcar
blocked his view of vehicles attempting to clear the intersection
as the light changed. Under those circumstances, the Court in-
dicated that a motorist at a stop light waiting for it to turn green
should expect that a vehicle on the other road might still be
crossing the intersection when the light changed. Furthermore,
the record is devoid of evidence that the appellee was inatten-
tive in the operation of his vehicle.

Mrs. Ellis stated that the light was already green when she
arrived at the intersection; that she slowed down, but did not
stop, and proceeded to make her left-hand turn; that her view
of oncoming eastbound traffic was obscured by the presence of
the large truck stopped in the eastbound left-turn lane on East-
ern Avenue and that she did not see the appellee's vehicle un-
til she had pulled in front of the truck, at which time her ve-
hicle was projecting into the center eastbound lane. At this

point the appellee's vehicle was about two car lengths away and the collision was almost immediate.

Viewing all of the facts in this case and the inferences to be drawn therefrom, in a light most favorable to the appellants, a reasonable man would not doubt that the appellee was free from any primary or concurrent negligence and that the sole and primary cause of the accident was the failure of the driver of the vehicle in which Mrs. Bennett was a passenger to yield the right of way.

There is one final issue requiring disposition. The appellants ascribed as error the lower court's ruling sustaining appellee's objections to questions concerning the speed of the appelleee's car some distance away from, and prior to the collision. Counsel for the appellants questioned the appellee as to how fast he was traveling on Eastern Boulevard at various points ranging from one and a half miles to six blocks distant from the scene of the accident. The court sustained the objections made to these questions. We do not consider this to be error.

The rule respecting the admissibility of evidence as to speed of a vehicle prior to the time of an accident in which it was involved is set out in *Reid v. Humphreys,* 210 Md. 178, 185, 122 A. 2d 756, 759 (1956) :

> "Generally, the admissibility of testimony as to the speed or reckless operation of a motor vehicle at some distance from the place where it afterwards collided with another vehicle is discretionary with the trial court, and a ruling admitting such evidence will not be disturbed on appeal in the absence of a clear abuse of discretion."

During the course of examination and cross-examination, appellee testified that just prior to the accident he was traveling approximately thirty miles an hour, and that he was moving at about the same speed two blocks before the accident. Where direct evidence thus indicates no excessive speed immediately before and at the time of the accident, any evidence of the rate of speed at points more distant from the scene of the accident is immaterial and should properly be excluded. See 9C Blash-

field, *Cyclopedia of Automobile Law and Practice* §§ 6231, 6235, pp. 383-384, 399 ff. (1954).

We are of the opinion that Judge Turnbull was right in finding there was no legally sufficient evidence to take the question of the appellee's negligence to the jury, and in granting the appellee's motion for directed verdict at the conclusion of the appellants' case.

*Judgment affirmed, costs to be paid by appellants.*